No. 10,967.

## GLASSCOCK v. GLASSCOCK.

DIVORCE.—*Pleading.—Evidence.—Decree.*—Under section 1040, R. S. 1881, the defendant in a divorce suit may not only file an answer, but also a cross petition, and the court may decree the divorce to the defendant upon evidence introduced by the plaintiff only.

SAME.—*Alimony.*—Where such cross petition is filed by the wife, asking a divorce and for alimony, the burden of proof as to the alimony is upon her, and if no proof be introduced bearing on that question, she can not complain that no alimony is awarded her.

From the Warren Circuit Court.

*M. Milford,* for appellant.

*C. V. McAdams,* for appellee.

COLERICK, C.—This was an action brought by the appellee to obtain a divorce from the appellant on the ground of abandonment. The appellant answered the petition by a general denial and filed a cross petition therein, alleging that the appellee abandoned her, and had failed to make reasonable provisions for his family, for a period of more than two years, and praying a divorce from him and alimony. The case was tried by the court and resulted in the rendition of a decree granting a divorce to the appellant on her cross petition. No alimony was allowed by the court. A motion for a new trial was made by the appellant. The reasons assigned in support of the motion were, that the finding was not sustained by sufficient evidence and was contrary to law. The motion was overruled, and this ruling is the only error assigned for the reversal of the judgment. The only evidence rendered at the trial was introduced by the appellee. The evidence is set forth in the record, and tends to sustain the finding. The appellant insists that the court possessed no power to grant her a divorce upon evidence solely introduced by the appellee, and that the evidence, so rendered, was insufficient to authorize a decree in her favor. If the court erred, as claimed by the appellant, it was an error in her favor, and

therefore she can not complain, as it is well settled by the de-
cisions of this court that a party can not complain of an er-
ror which operated in his favor.    Buskirk Pr. 119, and the
cases there cited.

The statute provides that " In addition to an answer, the
defendant may file a cross petition for a divorce; and when
filed, the court shall decree the divorce to the party legally
entitled thereto." R. S. 1881, section 1040. Under this
provision the trial court considers all the evidence given in
the cause regardless of the party in whose favor it was in-
troduced, and determines therefrom which one, if either, of
the parties is entitled to the divorce, and renders a decree ac-
cordingly. It may happen, as in this case, that the evidence
introduced in support of the petition may be insufficient to
authorize the granting of a divorce thereon, and yet, of it-
self, be amply sufficient to sustain the cross petition. In such
case, we think, the court should apply the evidence, so ren-
dered, to the cross petition, and consider it, with reference to
the cross petition, the same as if it had been introduced in
support thereof. If the appellant did not desire a decree of
divorce, as prayed for by her, she had the right to dismiss
her cross petition before the decision of the court was an-
nounced. This she did not do, but allowed the case, with her
cross petition still pending, to be finally submitted to the
court for determination upon the evidence introduced by the
appellee, and the court properly granted the divorce to her,
because, according to the facts established by the evidence,
she was " the party legally entitled thereto."

The appellant contends that the court erred in not render-
ing a decree in her favor for alimony, and asserts that it is
the imperative duty of the trial court in every divorce case
to award alimony. To support this assertion she cites the
following provision of the statute: " The court shall make
such decree for alimony, in all cases contemplated by this act,
as the circumstances of the case shall render just and proper."
R. S. 1881, section 1045. It is evident that the word " shall,"

as used in the statute, merely relates to the amount of alimony that may be allowed in cases where it is proper to allow alimony. The statute does not mean, as contended by the appellant, that the court shall, in every action for divorce, allow alimony. The adjusting of alimony is not yet controlled by definite rules. The determination of each case must depend upon its own circumstances. *Hedrick* v. *Hedrick,* 28 Ind. 291. In the case under consideration there was no evidence showing what property, if any, the parties, or either of them owned, nor the husband's condition in life, health, age, occupation or ability to earn money. In fact, no evidence was introduced or offered proving or tending to prove any fact or circumstance that would have been proper or necessary for the court to consider in determining the question of alimony or fixing its amount. The burden of such proof rested upon the appellant, and in the absence of such proof it was impossible for the court to render a decree for alimony, as no data were furnished by which an amount that would have been "just and proper" under the circumstances of the case could be fixed.

There being no error in the record the judgment must be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellee.

Filed March 14, 1884.