## RALSTON *v.* RALSTON.

[No. 16,869.  Filed May 26, 1942.]

*L. A. Douglass,* of Jeffersonville, for appellant.

*Albert Meranda,* of Jeffersonville, for appellee.

STEVENSON, P. J.—The appellant and appellee were married on May 11th, 1939, and lived together until January 6, 1940, at which time they separated. The appellee, Thomas Ralston, on February 10, 1940, filed his complaint for divorce alleging cruel treatment; and, on Febraury 16, 1940, the appellant filed her cross-complaint, alleging cruel treatment.

On May 22, 1940, the case was called for trial, and the divorce was granted the appellee. This judgment was subsequently set aside at the insistence of the appellant, and trial was had on November 19, 1940, at which time there was a finding for the appellant, and a divorce granted to her on her cross-complaint. No award of alimony was decreed.

A motion for new trial was subsequently filed and overruled; and this appeal has been perfected. It is the appellant's position on appeal that it was the mandatory duty of the court to award alimony to the appellant, upon granting her a decree of divorce. The appellant relies upon § 3-1217, Burns' 1933. This statute reads, in part, as follows:

> "The court shall make such decree for alimony, in all cases contemplated by this act, as the circumstances of the case shall render just and proper; . . ."

This statute was before the Supreme Court of Indiana in the case of *Glasscock* v. *Glasscock* (1884), 94 Ind. 163, 164. The court said:

> "It is evident that the word 'shall,' as used in the statute, merely relates to the amount of alimony that may be allowed in cases where it is proper to allow alimony. The statute does not mean, as contended by the appellant, that the court shall, in every action for divorce, allow alimony. The adjusting of alimony is not yet controlled by definite rules. The determination of each case must depend upon its own circumstances."

In view of this interpretation of the statute, the question of the allowance of alimony is, of necessity, to be left largely to the discretion of the trial court. ■ Facts may very definitely disclose a relationship which warrants the trial court in refusing alimony, even though a decree of divorce is granted in favor of the wife. *Corey* v. *Corey* (1882), 81 Ind. 469.

The rule, governing such matters, was recently announced by this court in the case of *Cornwell* v. *Cornwell* (1940), 108 Ind. App. 350, 353, 29 N. E. (2d) 317, in the following language:

> "The courts of this state have long recognized that the amount of alimony to be awarded in divorce proceedings is within the sound discretion of the trial court, and the appellate tribunal will not reverse the decision unless an abuse of such discretion has been shown. There are no well-established rules for measuring the amount of alimony to be awarded, such amount always depending upon the facts and circumstances in each particular case."

The evidence in the case at bar discloses that both parties to this proceeding had been previously married. The appellee's first wife had died, leaving him with three children. During the lifetime of his former wife, the appellee and she obtained title to a piece of real estate as tenants by entirety, of which the appellee became the owner at the time of his wife's death. This property was of the estimated value of $1,200.00.

The appellant testified that, at the time of the trial, the appellee had $1,000.00 in the bank. The appellee stated, however, that this money was the property of his children, by virtue of insurance on the life of their mother.

The record further discloses that, at the time the appellant and appellee were married, the appellee bought

a house on Missouri avenue, in the town of Jeffersonville, Indiana, which was placed in their names jointly, as tenants by entirety. This property was of the value of $500.00.

There is no evidence in the record as to the personal property owned by the appellee, nor as to his ability to earn money. The appellee testified that he did not own the real estate conveyed to him and his former wife, but that it also belonged to his children; in what manner title was conveyed to them is not disclosed.

It is apparent from the evidence, as above narrated, that the appellant contributed little to the acquisition of any property owned by the appellee at the time of the decree of divorce. Upon the granting of the divorce, she became the owner, as tenant in common, with the appellee of an undivided one-half interest in the Missouri avenue property, purchased by the appellee subsequent to their marriage. This property she now has, and in the absence of conclusive evidence, on the part of the appellant, that the appellee is the owner of other properties, we cannot say that the trial court abused its discretion in refusing to make an allowance to the appellant of additional property by way of alimony.

These parties lived together as husband and wife less than eight months, and the court might well have concluded from the evidence that neither party to the marriage contract was entirely free from fault in their conduct toward each other. The trial judge was in a position to see the parties, to observe their conduct and demeanor, and to hear them testify; and his decision as to the proper division of property, if any, between the appellant and appellee ought not to be disturbed, unless an abuse of discretion has been shown. Under the facts as above narrated, we cannot say, as a matter

of law, that the court abused its discretion in this cause.

Finding no available error in the record, the judgment of the trial court is accordingly affirmed.

Judgment affirmed.

NOTE.—Reported in 41 N. E. (2d) 817.