SEWARD *v.* SEWARD

[No. 18,746. Filed May 23, 1956. Rehearing denied June 26, 1956.]

608

*Lloyd A. Shookman,* of Rockville, and *Allen H. Helt,* of Newport, for appellant.

*George C. Forrey III, Edward B. Raub, Jr., Jacob S. White,* of Indianapolis, and *D. H. Ingram,* and *Howard C. McFaddin,* of Rockville, for appellee.

PFAFF, P. J.—Appellant brought this action against appellee for a divorce, and appellee filed a cross-petition.

In her amended complaint appellant alleged that she was the owner of certain described real estate and prayed "that said above-described real estate be' set off to plaintiff and found to be the property of the plaintiff"; she also asked for the custody of the 18-year old child of the parties; that appellee be ordered to pay regular support for the child; that she be awarded alimony; and for all other proper relief.

Trial was had, resulting in a finding and judgment for appellant on her amended complaint and against appellee on his cross-petition. The custody of the child was awarded to the appellant.

The court adjudged and decreed that the real estate be set off to the appellant, as well as the household furnishings, two motor vehicles and business equipment. Judgment was rendered that appellee recover of appellant the·sum of $3,500, payable within ninety days and that said sum constitute a lien against the property set off to appellant.

Appellant complains of the admission of evidence concerning the personal property of the parties, over her objections, the argument advanced being that no question concerning the personal property was within the issues. It is well-established that the court has the right and duty to settle and determine the property rights of the parties. *Wallace* v. *Wallace* (1953), 123 Ind. App. 454, 110 N. E. 2d 514, 111 N. E. 2d 90. *Gray* v. *Miller* (1952), 122 Ind. App. 531, 106 N. E. 2d 709. The appellant's motion for new trial does not set forth the questions or answers thereto together with the objections made, and no question is presented as to the admission of this evidence. *Henderson* v. *State* (1956), 235 Ind. 132, 131 N. E. 2d 326; *Boyle* v. *State* (1955), 234 Ind. 215, 125 N. E. 2d 707; *Hire* v. *Pinkerton* (1955), 126 Ind. App. 23, 127 N. E. 2d 244; *Alt-*

*meyer* v. *Norris* (1954), 124 Ind. App. 470, 119 N. E. 2d 31; *Trent* v. *Rodgers* (1952), 123 Ind. App. 139, 104 N. E. 2d 759; *Westfield* v. *General Finance Corp.* (1952), 122 Ind. 232, 104 N. E. 2d 136; Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, §1812, Comment 8, p. 388.

Argument is also made to the effect that appellee had abandoned his personal property but the evidence apparently relied upon is not set out in the briefs and therefore no question is presented.

Appellant complains of the action of the court in setting off to appellant her separate real property. This is exactly what the appellant, in her amended complaint, prayed that the court do. An appellant cannot successfully present as error action which he induced the trial court to take. *Gray* v. *Gray* (1931), 202 Ind. 485, 176 N. E. 105; *McMahan* v. *McMahan* (1895), 142 Ind. 110, 40 N. E. 661; *The Louisville, New Albany and Chicago Railway Company* v. *Miller* (1894), 141 Ind. 533, 37 N. E. 343; *State ex rel. Reiman* v. *Kimmel* (1937), 212 Ind. 639, 10 N. E. 2d 911.

The married life of the parties extended over a period of nearly twenty years. Appellant had inherited $5,000 from her father twelve or thirteen years prior to her marriage. The real estate was in appellant's name and was purchased with funds left to her by her father. In partnership with one Burton Lee she bought the tract and paid $1,500 for her share.

During the married life a dry-cleaning plant and a house were built on the real property at a cost of approximately $8,500. All of appellant's $5,000, except $600 or $700 used to pay other bills, went into the real estate. When the house was built there was an indebtedness of $1,500 which was secured by a mortgage

on the real estate, and there has been a mortgage on the real estate for this amount since 1939, the mortgage having been renewed in later years. Appellee's money was used in the construction of the dry-cleaning plant, and the equipment as he left it was worth approximately $3,000. The real estate is now worth between $15,000 and $20,000.

Appellant taught school during some of the years of their married life, and appellee's average yearly earnings were between $3,500 and $4,000, and she contributed in the period of twenty years between $14,000 to $16,000. Both parties deposited their money in a joint bank account and both checked on the account.

Appellee put $6,750, which he realized from the sale of a part of his interest in an oil lease, in the joint account. He further testified that he made a sale of a cleaning plant in Monticello, Indiana, from which he realized approximately $5,200, and this was put in the joint account. He further testified that during the years of their married life, he contributed $3,500 to $4,000 a year. That most of the money realized from the cleaning plant, his work at DuPont and the sale of oil leases was put in the joint bank account.

Appellant bought some of the original furniture for the home and some of it was paid for from the joint account.

The 1949 Buick automobile, bought in that year, was purchased by appellant from the joint bank account. There is also evidence that appellee put $1,500 into the Buick and, also, $500 plus an old truck in the purchase of a new truck.

There was also testimony that the personal property was worth between $2,675 and $2,875.

When the parties separated appellee took only $100 in cash, his clothes, a typewriter and fishing tackle.

Appellee was not relieved of liability on the mortgage, and could not have been relieved without the consent of the mortgagee. The mortgagee was not a party to the action. *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N. E. 2d 612.

Appellant further contends that the judgment in favor of appellee for $3,500 is excessive in amount, and that, in fact, no judgment should have been rendered in his favor; that, in effect, it allowed a husband to recover for improvements made on his wife's separate real estate; and that that part of the judgment creating a lien is a nullity.

Appellant also insists that the $3,500 allowance made by the court in favor of appellee was alimony and that in this state the husband is not entitled to alimony. The finding and judgment of the court does not provide that the allowance was in the nature of alimony, nor do we so regard it. The evidence shows the deposit by appellee of considerable amount of his own funds in the joint bank account of the parties and the use of said account in the business, improvements and equipment of the parties. The court awarded all of said business, property and equipment to appellant.

In adjusting the property rights of the parties, the court, under the circumstances, had the authority to enter a money judgment in appellee's favor or to set off and award to him a part of the physical assets. It chose to do the former and we find no error or abuse of discretion in such action by the court.

This court has said that while Burns' Indiana Stat., 1946 Repl., §3-1218, is primarily an alimony statute, the legislative intent is apparent to adopt the policy of recognizing the case law which grants broad discretionary powers to a divorce court

to fully adjudicate the property rights of the parties. *Gray* v. *Miller, supra; Wallace* v. *Wallace, supra.*

In the case of *McHie* v. *McHie* (1939), 106 Ind. App. 152, 177, 16 N. E. 2d 987 (transfer denied), this court said:

"The rule is well established by the authorities in this state that in a divorce proceeding, the trial court under our statutes has broad powers in adjusting the property rights of the parties, and that its action in such matters will not be disturbed on appeal, unless it is apparent that there has been an abuse of discretion."

Appellant, by an independent assignment of error, claims error in the failure of the court to make an allowance to appellant with which to pay her attorneys. We stated, in *Lucas* v. *Lucas* (1949), 119 Ind. App. 360, 86 N. E. 2d 300, that: "A court's ruling on attorneys' fees is not a cause for new trial, but is a subject of an independent assignment of error on appeal." No evidence was given as to what would be a reasonable sum for the services of appellant's attorneys. Burns' Indiana Stat., 1946 Repl., §3-1216, provides for the ordering of the payment of a reasonable sum for the services of the wife's attorneys. In the absence of evidence on the subject, no error was committed by the trial court. *State ex rel. DeArmond* v. *Superior Court of Madison County* (1940), 216 Ind. 641, 25 N. E. 2d 642.

Appellant also complains of the failure of the court to make an allowance for the support of the 18-year old child of the parties, who is a student in college. Burns' Indiana Stat., 1946 Repl., §3-1219, provides that: "The court in decreeing a divorce, shall make provision for the guardianship, custody, sup-

port and education of the minor children of such marriage." *Conn* v. *Conn* (1877), 57 Ind. 323, in speaking of this statute the Supreme Court said, "and we think it would be anomalous to hold, that granting an allowance for the support of minor children was imperative upon the court, under all the circumstances." See also: *Husband* v. *Husband* (1879), 67 Ind. 583. It is the duty of the trial court to consider all the facts and circumstances and the situation of the parties and exercise judicial discretion as to the amount of any allowance, including the husband's property and ability to earn money. *Logan* v. *Logan* (1883), 90 Ind. 107. The only property shown to have been owned by the husband was the $100 in cash, which he took at the time of separation, his clothes, a typewriter and fishing tackle. Since the separation he has lost money in a used car business. Under the facts and circumstances shown in the evidence, we do not find an abuse of discretion on the part of the trial court in failing to make an allowance for the daughter.

Based on the authorities cited herein we are of the opinion appellant has not shown such abuse of discretion by the trial court to warrant a reversal of this cause.

Judgment affirmed.

NOTE.—Reported in 134 N. E. 2d 560.