## SNYDER v. SNYDER.

[No. 19,984. Filed April 29, 1964. Rehearing denied June 3, 1964. Transfer denied March 16, 1965, with opinion reported in 205 N. E. 2d 159.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Dale & Dale,* of Indianapolis, for appellee.

PFAFF, J.—This is an appeal from a judgment of the Superior Court of Marion County, Room 2, in an action for divorce filed by the appellee husband, in which cause the appellant wife had also filed a cross-complaint for divorce. The finding and judgment were entered for the appellant and against appellee, and the appellant was granted a divorce, together with certain real and personal property. However, the trial court also granted judgment against the appellant and in favor of appellee for and in the amount of $5,200.00 supported by a lien on the real estate awarded the wife, in addition to certain personal and real property.

Errors relied upon by appellant for reversal are as follows:

1. The court erred in overruling and denying appellant's motion for new trial inasmuch as (a) the decision of the court was not sustained by sufficient evidence and was contrary to law; (b) the finding of the court was inconsistent with the evidence submitted; and (c) the court's decision concerning the money judgment ordered to be paid by appellant to appellee, and the attorney fees ordered to be paid by appellant for her prosecution of said cause were in error.

2. The court erred in overruling appellant's motion to modify the judgment.

Appellant in this action is not contending that the granting to her of the divorce is in error. She does contend, however, that the trial court abused its discretion by making settlement of property rights between the parties without ascertaining the value of all the property in question.

It is well established that the trial court has the right and duty to settle and determine the property rights of the parties in an action for divorce. Furthermore, the trial court under our statutes has broad powers in adjusting property rights.

Its action in such matters will not be disturbed on appeal unless it is apparent that there has been an abuse of discretion. *Seward* v. *Seward* (1956), 126 Ind. App. 607, 134 N. E. 2d 560; *Rosenberg* v. *Rosenberg* (1961), 131 Ind. App. 437, 171 N. E. 2d 829.

Therefore, in the case before us the issue is narrowed to whether or not a trial court is guilty of an abuse of discretion, as a matter of law, if such court orders a property settlement without having full knowledge of the value of *all* the property.

In reviewing the proceedings of the trial court we find that evidence was admitted concerning the value of *some* of the property. However, no evidence whatsoever was introduced concerning a major part of the physical assets acquired by the parties during their marriage. No evidence can be found establishing the value of a truck used in appellee's business. There was no evidence concerning the value, if any, of the plumbing business, including equipment, tools, fixtures, etc., which business was owned by the appellee. This property was given to the appellee by the court as his sole and separate property subject to any liens and encumbrances thereon. Each party was declared to be entitled to have and retain their personal effects. Again no evidence was submitted establishing the value of such property: The testimony establishing the value of the household goods was conflicting, the appellee stating the value to be $2,000.00 and the appellant stating the value to be $400.00 to $500.00.

A judgment for $5,200.00 was entered against the appellant by the trial court. The evidence fails to establish how the trial court arrived at this figure. Therefore, we conclude the trial court lacked knowl-

edge concerning the valuation of a considerable amount of property owned by the parties in determining the property rights of the parties.

Our attention has been directed to the case of *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N. E. 2d 612, which we consider as a controlling precedent in the present controversy. The language of the Shula case indicates that it is necessary to have evidence in the record relative to the *total* valuation of *all* property of the parties before this court can affirm the trial court's decision. In this case the trial court awarded a judgment for alimony when there was no evidence in the record as to the value of some of the property awarded. Judge Achor, speaking for our Supreme Court, stated:

". . . before the amount of alimony can be fixed, evidence must be introduced of facts and circumstances from which the court can determine the amount which is just and proper."

Here the court held that under a judgment so entered an abuse of discretion is shown.

In the case of *Seward* v. *Seward, supra,* it was inferentially held that the trial court should have entered either a money judgment or in the alternative awarded him a part of the physical assets. The court stated at page 613 of said opinion:

"In adjusting the property rights of the parties, the court, under the circumstances, had the authority to enter a money judgment in appellee's favor *or* to set off and award to him a part of the physical assets. . . ." (Emphasis supplied)

The only basis this court might have for reversal of the trial court's judgment would be upon a determination that it abused its judicial discretion, and conversely we may only affirm if there was no abuse of judicial discretion. For a determination of this ques-

tion we must have a record of the evidence of the valuation of all the property. This record of the evidence of valuation was not presented to this court.

In view of the cases of *Shula* v. *Shula, supra,* and *Seward* v. *Seward, supra,* we are of the opinion that the trial court, so far as we can determine from the record, abused its judicial discretion.

Therefore, for the reasons set forth above, the judgment of the trial court insofar as it relates to an adjudication of the property rights of the parties is hereby reversed and the cause remanded to the trial court to receive evidence on the valuation of the property herein questioned, and thereupon either award to the appellee a certain designated sum of money or in the alternative set off to him a fair and equitable share of the physical assets.

Carson, C. J., Hunter, P. J., Cooper and Ryan, JJ., concur.

Mote, J., dissents with opinion in which Faulconer, J., concurs.

Kelley, J., not participating.

## DISSENT.

MOTE, J.—I hereby dissent to the main opinion and decision herein. It is desirable to point to the facts as shown by the evidence that there were two tracts of real estate involved in the property settlement and decree of the court, both of which, previous to the commencement of the divorce action herein, were owned by the parties as tenants by the entireties, and it appears reasonable to infer from the record, as the trial court evidently did infer, that appellee divested himself from any title to both tracts of said real estate and vested the title in appellant at the time of an attempted reconciliation of the parties. The first men-

tioned tract, located at 6105 Guilford Avenue, Indianapolis, was stipulated to be of the fair market value of eighteen thousand, seven hundred and fifty ($18,750.00) dollars, with a mortgage against it in the sum of four thousand, sixty dollars and eighty-one cents ($4,060.81), leaving a net fair market value of fourteen thousand, six hundred eighty nine dollars and nineteen cents ($14,689.19). The other property, located at 934-936 West 31st Street, Indianapolis, was sold by the parties on a conditional sales contract, and was stipulated to have a fair market value of three thousand, four hundred ninety three dollars and twenty-five cents ($3,493.25), with a mortgage against it of one thousand, two hundred thirty four dollars and eighty-seven cents ($1,234.87), leaving a net fair market value of two thousand, two hundred fifty eight dollars and thirty-eight cents ($2,258.38). The payments on this property, under the conditional sales contract, were at the rate of one hundred ten ($110.00) dollars per month.

By the decree of the court appellant was awarded the property on Guilford Avenue and the appellee was awarded the property on West 31st Street, subject to the mortgages thereon. A commissioner was appointed to transfer the title of the latter mentioned property to appellee and transfer, according to the record, was effected.

Concerning the real estate, calculation discloses that appellant received real estate of the stipulated net value of fourteen thousand, six hundred eighty nine dollars and nineteen cents ($14,689.19) and appellee received property of the stipulated net value of two thousand, two hundred fifty eight dollars and thirty-eight cents ($2,258.38). By such award appellant received in real property values twelve thousand, four hundred thirty dollars and eighty-one cents ($12,430.81) more than appellee.

By the award of the court appellant received the following personal property: a 1957 Chrysler Saratoga Two-Door Hardtop with air conditioning which, according to the evidence, had a net fair market value of six hundred fifty ($650.00) dollars and was titled in her name. She also received household goods and furniture which she testified had a value of four hundred ($400.00) dollars or five hundred ($500.00) dollars. Appellee testified that it had a value of two thousand ($2,000.00) dollars. By adopting the testimony most favorable to appellee concerning the value of the household goods, using the net fair market value of the Chrysler automobile and the stipulated net fair market value of the real estate on Guilford Avenue, appellant received property of the value of seventeen thousand, three hundred thirty nine dollars and nineteen cents ($17,339.19); whereas appellee received real estate of the stipulated net value of two thousand, two hundred fifty eight dollars and thirty-eight cents ($2,258.38) and a judgment against appellant for five thousand, two hundred ($5,200.00) dollars. The evidence then discloses that appellant received property of the value of seventeen thousand, three hundred thirty nine dollars and nineteen cents ($17,339.19) and the appellee received property and money judgment totalling seven thousand, three hundred fifty-eight dollars and thirty-eight cents ($7,358.38), a difference of nine thousand, nine hundred eighty dollars and eighty-one cents ($9,980.81) in favor of appellant.

The record in this cause discloses that one of the parties hereto had titled in his or her name a 1961 Ford Galaxy automobile which had been purchased new about a year before, and against which there was a lien of two thousand, six hundred ($2,600.00) dollars or two thousand, seven hundred ($2,700.00) dollars,

with monthly payments thereon of ninety ($90.00) dollars.

In the decree of the court appellee was awarded the Econoline Ford truck, used in his business as hereinafter mentioned, together with any other automobile titled in his name. Whether appellee or appellant by the award of the court received this automobile is not clear, since the evidence on the subject is in conflict. However, we think that the evidence would support an inference that the net fair market value of such vehicle was insignificant and it would make little, if any, difference as to whom the automobile was awarded. If appellant was the recipient under the decree of said vehicle she certainly would be in no position to complain about the lack of established net value in relation thereto.

We have been unable to ascertain from the evidence any testimony concerning the fair market value of the plumbing business operated by appellee and of the truck used in such business. However, from the whole record it fairly may be inferred, as the trial court doubtless did infer, that the said plumbing business and the said truck used therein had little, if any, significant value, and particularly would this be true with respect to fair market value. The trial court doubtless could, and did, infer from the entire evidence before him that the said plumbing business and the truck used in connection therewith had little, if any, significant value, particularly in the control and ownership of anyone other than appellee. The trial court could, and doubtless did, infer that the said plumbing business was a one-man operation, calling almost exclusively for labor to be performed on business subsequently to be obtained, which in the immediate past was on the decline and produced an income

to appellee of but five thousand ($5,000.00) dollars to six thousand ($6,000.00) dollars per year. .

There is no evidence in the record that appellant sought the plumbing business or the truck used in connection therewith, and there is no evidence in the record that appellant placed any value on these items. As a matter of fact, by her own testimony, appellant asserted an interest only in the real estate, household goods and the 1957 Chrysler automobile, all of which, except the property on West 31st Street, was awarded to her. If appellant wished the court to consider any ascribed value to the plumbing business, the truck used in connection therewith, and the personal effects of the parties, I consider that it was her duty to produce evidence concerning values thereof. Having failed to do so, she cannot now complain of an award to the appellee of property without ascribed value, which she did not seek, and which the trial court was entitled to infer had little, if any, significant value.

. The majority opinion completely ignores the doctrine of burden of proof. The decision, in effect, places the burden of proof upon the appellee in an appeal, regardless of whether the appellee was the complaining party or the defending party at the trial level.

In the instant case, the appellant filed a cross-complaint which requested the divorce and a determination of property rights. The appellant prevailed in the trial court, and was granted the relief she requested in the said cross-complaint. She now brings this appeal and complains that the trial court erred for the reason that evidence as to the value of certain property was not introduced at the trial. I think it is a contravention of precedent to allow appellant to complain, on appeal, of this lack of evidence.

The majority opinion strongly relies on *Shula* v.

*Shula* (1955), 235 Ind. 210, 132 N. E. 2d 612, which, in turn, relied on the case of *Glasscock* v. *Glasscock* (1883), 94 Ind. 163. The *Glasscock* case held that where a cross-petition for divorce and alimony is filed by a wife, the burden of proof as to the alimony is upon her, and if proof is not introduced upon that question, she cannot complain. I think the principle of the *Glasscock* case should apply to the instant case.

It should be noted that neither *Shula* v. *Shula, supra,* nor *Seward v. Seward* (1956), 126 Ind. App. 607, 134 N. E. 2d 560, which was also relied on in the majority opinion, considered the issue of burden of proof, which was expressly raised by the appellee in the instant case.

The majority opinion states that there is no evidence to support the judgment of five thousand, two hundred ($5,200.00) dollars entered in favor of appellee. However, the decree expressly provided that the judgment was rendered "as and for his determined share of the real estate . . ." The evidence established the value of the said real estate.

As to the failure of the trial judge to award attorney fees for appellant's attorney, the record discloses that appellant consented to a reduction of normal fees ordinarily allowed to the wife in the divorce action, for the reason that said appellant had employed a number of different lawyers in the case now on appeal and we consider, under all the facts and circumstances as shown by the record, that the trial court did not abuse his discretion in disallowance of any fees for appellant's lawyer in the trial of the divorce action.

In arriving at our conclusion and dissent, we may say that the entire testimony and evidence has been carefully read, considered and analyzed. Although we cannot and do not weigh the evidence, we recall no principle of law which prohibits us from remarking

upon the strength or lack of motivating influence thereof. As practical lawyers and judges, it seems appropriate to suggest that although the statutes in force in Indiana in respect to divorce, as well as the adopted public policy, do not appear to make divorces very difficult to obtain, oftentimes some over-emphasis regarding chivalry actually is employed in the determination of the successful party in an action for divorce. It must follow, therefore, that a trial judge, in attempt at chivalry on the one hand, to some extent corrects his decision on the main issue, that is the divorce issue, by adjudicating, on the other hand, a fair, just and equitable property settlement. In other words, the adjudicated property settlement in a given divorce action, will bear a direct, and we think appropriate bearing upon the evidence as to the wrong or lack of wrong inflicted. If this is true, it should follow, *a fortiori*, that the two issues, intertwined as they are, generally should be determined by one judge in one action. A retrial of the single issue of the property settlement between the parties will not necessarily accomplish such purpose, as a consequence of which we express the opinion that courts of appeal should approach the solution of such matters with some reluctance, thus to prevent a miscarriage of justice.

In the instant case, it appears to be quite likely that a retrial of the single issue concerning property settlement will be had before a judge other than the one who granted the divorce. Hence, such issue possibly, if not probably, will be presented in light of the assumption of a determined fact that appellee was the sole and only offending party; that appellant herself was completely without fault. Such assumption is not supported by the record herein.

With these observations in mind we express the

opinion that the decision of the trial court should not be disturbed.

Faulconer, J., concurs with this dissent.

NOTE.—Reported in 198 N. E. 2d 8. Transfer denied with opinion in 205 N. E. 2d 159.