MARJORIE O. GROTE *v.* ROY E. GROTE.

[No. 771A140. Filed February 7, 1972.]

*Donald R. Ewers, Bates and Ewers,* of Evansville, for appellant.

*James D. Lopp, Sr., Lopp and Lopp, Phillip L. Kiely,* of Evansville, for appellee.

WHITE, J.—After eighteen years of marriage, plaintiff-appellant-wife obtained a divorce from defendant-appellee-

husband on grounds of cruel and inhuman treatment. (The cruel treatment was apparently the husband's extramarital affair.) The appellant was given custody of the parties' two children, aged seven years and nine years, for whose support appellee was ordered to pay her fifty dollars per week. No one complains of these aspects of the decree.

The trial court made no award of alimony, as such, but did divide between the parties the various items, parcels, and lots of real and personal property owned by them. There is much conflict in the evidence concerning the value of most of this property, particularly the business operated by the husband which was awarded to him. On the basis of the evidence most favorable to her, the wife has calculated that the property given to her has a net value of only $39,500.00 while the husband got $218,290.00. The evidence most favorable to the husband supports his contention that the value of the wife's share is $52,833.00 while the husband's is only $41,189.00.

While the trial court made no express or special findings as to values, the law presumes that the court's decision is based on those ultimate facts most favorable to it, which are sustained by any substantial evidence of probative value. *Winkler* v. *Winkler* (1969), 252 Ind. 136, 246 N. E. 2d 375, 377, 17 Ind. Dec. 240, 242; *Cox* v. *Schlachter* (1970), 147 Ind. App. 530, 262 N. E. 2d 550, 552, 23 Ind. Dec. 60, 63.

It follows that we must assume that the decree awarded the appellant property valued at $52,833.00 and appellee property valued at $41,189.00. We perceive no abuse of discretion in such a division. Neither a detailed discussion of the evidence nor extensive quotations of statements of principles applicable thereto would serve any purpose which would justify extending the length of this opinion. Practioners seeking guidance, as well as counsel seeking further explanation of our decision, are directed to *Chaleff* v. *Chaleff* (1969),

144 Ind. App. 438, 246 N. E. 2d 768, 17 Ind. Dec. 285, and *Boshonig* v. *Boshonig* (1971), 148 Ind. App. 496, 267 N. E. 2d 555, 25 Ind. Dec. 113.

Perhaps we should note appellant's contention that the trial court failed to consider the husband's income earning ability and failed to award the injured wife any alimony payable out of anticipated earnings. Here again there is substance to the contention only when consideration is focused exclusively on the evidence most favorable to appellant. The evidence and inferences therefrom most favorable to appellee, to which we must limit our consideration, lend the argument no support.

With respect to the decision of which appellant complains, this is *not* a case "where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion."[1] Therefore we cannot set aside the decision of the trial court. As was said in *Boshonig* v. *Boshonig* (1971), 148 Ind. App. 496, 267 N. E. 2d 555, 25 Ind. Dec. 113, 115, "[t]he fact that circumstances would have justified a different result by another trial court . . . does not warrant the court in substituting its judgment for that of the trial court."

Judgment affirmed.

Buchanan and Sullivan, JJ., concur.

NOTE.—Reported in 277 N. E. 2d 909.

---

1. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.