JUANITA HARDIMAN *v.* DAVID A. HARDIMAN.

[No. 1271A276. Filed July 25, 1972. Rehearing denied August 31, 1972.]

*Frank E. Spencer*, of Indianapolis, for appellant.

*George M. Ober, Palmer K. Ward*, of Indianapolis, for appellee.

SULLIVAN, J.—The appellant obtained a divorce decree severing the marital relationship between herself and appellee. She does not appeal from the award of divorce but only from the distribution of property as made by the court below (*Alderson v. Alderson* (1972), 258 Ind. 328, 281 N. E. 2d 82) and from the refusal of the trial judge to hear evidence concerning the value of the services of her attorney in connection with a request for allowance of final attorney fees.

Specifically, she attacks the decree by specifications of error which insofar as deemed pertinent are as follows:

"1. The decision of this Court is not supported by sufficient evidence in this: There is no evidence to support the award of the eighteen specified items of personal property set out in the Final Decree of Divorce, and each of them, to the defendant, David A. Hardiman, to-wit: [Enumerated items omitted] There was no competent evidence as to the

value of these items of personal property, and no evidence in the record relative to the total valuation of all property of the parties. Without such evidence the Court cannot make a fair and equitable division of the physical assets of the parties, and the attempt to do so, including the above award of many items of personal property to the Defendant constituted an abuse of discretion."

\* \* \*

"2. The decision of this Court is not supported by sufficient evidence in this: There is no evidence to support the award of fifty percent (50%) of the value of the real estate—equal division of the proceeds of sale of said real estate, after payment of expenses of the sale ordered by this Court in said Decree—to the Defendant. \* \* \*

"3. Uncorrected error of law occurring and properly raised in the proceedings at the trial of this cause, to-wit: The Court erred in admitting into evidence over the objection of this Plaintiff and Defendant's Exhibit "A", which was a document listing the items of personal property being designated as those which he wished to receive by the findings and judgment of this Court, as stated by Defendant's counsel at the trial. \* \* \*"

"4. Inadequate amount of recovery and relief to Plaintiff, abuse of discretion, and uncorrected error of law occurring and properly raised in the proceedings at the trial of this cause, in this: The Court erred and abused its discretion in preventing counsel for the Plaintiff from presenting evidence as to the *value of his services* at attorney for the Plaintiff in the prosecution of this cause of action for divorce, and in holding, as the interpretation by the Court of the prior agreed order for preliminary attorney fee, that the same was an agreed order for both preliminary and final fees for Plaintiff's attorney. \* \* \*" (Emphasis supplied)[1]

## TECHNICAL DEFECT OF SPECIFICATION OF ERROR NOT DETERMINATIVE

Although defendant-appellee has not raised the question, as to plaintiff-appellant here the property disposition is a

---

1. Quite a different question would be presented had appellant asserted as error the trial court's refusal to hear evidence concerning the nature and extent of legal services rendered, as opposed to the value of any such services.

negative judgment, and a "sufficiency of evidence" specification does not technically bring error, if any, before us. *Flynn* v. *Reberger* (1971), 149 Ind. App. 65, 270 N. E. 2d 331.

A more correct assertion would be that such property distribution is "contrary to law". We do not, however, stand upon mere formality in this instance, for the entire thrust and tenor of appellant's argument is to the effect that the decision of the trial court was wholly outside the law in attempting to order a distribution of the property when in fact of record, the court not only did not know the total value of the property sought to be distributed, but did not even know the extent of the property owned by either or both of the parties. The presentation of alleged error is unmistakeably clear, and, in the spirit of the Rules of Appellate Procedure, is deemed properly before us.

Those portions of the decree here contested are as follows:

"The Court further finds that the parties have accumulated certain household goods and that the defendant is entitled to the following personal property:

1. Riding lawnmower, being the property of defendant's brother.
2. New lawnmower recently purchased by defendant.
3. All his garden tools and shop tools.
4. All paint and repair equipment.
5. Musicians plaque (wall) and paintings in the family room.
6. Chandelier in dining room.
7. Combination console stereo and TV.
8. All bar stools.
9. Table and chairs in family room.
10. Sofa in family room.
11. Dining room set.
12. Window fan.
13. Washer and dryer.
14. 3 sump pumps.
15. Bedroom furniture.
16. Blond mahagony desk.
17. All school books and papers and music.

18. Typewriter.
19. Black vinyl reclining chair in family room.
as described in defendant's Exhibit "A", a copy of which is attached hereto and made a part of this Decree.
The Court further finds that the parties own as husband and wife the family real estate at 1953 West 66th Street, Indianapolis, Marion County, Indiana, and that the defendant has paid approximately 90% of the payments on said property and that said real estate is impossible of division and that in accordance with the evidence and the equities, that the said real estate is to be sold and the proceeds of said sale, after the payment of the expenses of said sale, is to be divided equally between the plaintiff and defendant and the Court now appoints William T. Ray, a competent, disinterested Indianapolis realtor, as Commissioner, to sell said real estate and to accept the proceeds of said sale and report to the Court.

4. Cost versus plaintiff.

ALL OF WHICH IS HEREBY ORDERED, ADJUDGED AND DEGREED by this Court this 2 day of July, 1971."

UNSWORN SELF-SERVING STATEMENT CONCERNING PROPERTY DESIRED BY HUSBAND INADMISSIBLE

At the outset we must allude to defendant's unsworn Exhibit "A", admitted into evidence over objection and specifically and totally incorporated by reference into the trial court's decree. Of the nineteen numbered categories or items set forth in said Exhibit, at least ten and a portion of three others are nowhere else mentioned, referred to, or acknowledged of record.

It therefore clearly appears that the record here contains a vacuum concerning most of the property awarded to the appellee unless the self-serving list of items prepared by appellee solely for trial purposes and admitted as Defendant's Exhibit "A" is considered. Even were such list to be properly of record, its value as evidence is restricted to the equivalent of a mere prayer for relief. Without supportive testimony concerning the existence, value and ownership of such items as placed within the frame-

work of the total property available for distribution between the parties, the list is nothing more than a request or prayer by appellee. A prayer for relief or a request for certain property has never in the law been countenanced as evidence that the requestor is entitled to such relief or property, nor that such relief is available or appropriate or that such property even exists.

As stated in *Wabash Smelting Inc.* v. *Murphy* (1962), 134 Ind. App. 198, 206, 186 N. E. 2d 586 (overruled on other grounds in *McKinley* v. *Rev. Bd.* (1972), 152 Ind. App. 269, 283 N. E. 2d 395) :

> "In either event, they cannot be considered as evidence of a failure to give notice. As unsworn statements, they are of no avail at all. As unverified pleadings, they constitute no proof of the facts they allege. [citation omitted] Likewise, the unsworn declaration of appellant's attorney at the hearing must be rejected as evidence. The reason for all of this is that such statements fall within the hearsay rule. A party cannot manufacture evidence for himself. Self-serving statements or declarations by the party or his attorney not under oath cannot constitute any evidence of the facts they allege.

We are not unaware that tedium predominates in most divorce trial calendars, and that such occupy much of a trial judge's time. Any efforts therefore by trial counsel to expedite matters by stipulating property holdings and values or even more desirably to offer into evidence a property settlement agreement are to be encouraged. The trial court below clearly indicated his appreciation of such efforts made by appellee's counsel. However, we cannot condone expeditious disposition of the issues involved in each individual divorce action merely because the successive hearing of many such actions may be less than exciting or professionally challenging. The parties to the litigation, and to be sure, our very system of justice are entitled to a full and complete airing of the *material* issues. It is not the prerogative of the court to short-cut the judicial process and in the stead of evidence make use of speculation in the form of self-serving, unsworn declarations.

## FAILURE OF COURT TO APPRISE ITSELF OF EXTENT AND VALUE OF ALL PROPERTY TO BE DISTRIBUTED BETWEEN PARTIES IS FATAL TO PURPORTED FINAL PROPERTY SETTLEMENT DECREE

With reference to appellant's primary argument, it is essential that we recognize the precise issue before us. Appellant makes it quite clear that she does not argue upon this record, that the husband has been awarded a disproportionate share of the real and personal property for one cannot determine disproportion of disparity without reference to the whole. It is appellant's principle point that this record lacks evidence concerning the extent and value of all of the property subject to distribution.

Thus, at least in part, as stated in *Snyder* v. *Snyder* (1964), 137 Ind. App. 72, 198 N. . 2d 8:

"* * * the issue is narrowed to whether or not a trial court is guilty of an abuse of discretion, as a matter of law, if such court orders a property settlement without having full knowledge of the value of all the property." 137 Ind. App. 72, 74.

The holding of the court in the *Snyder* case is dispositive here:

"Our attention has been directed to the case of *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N. E. 2d 612, which we consider as a controlling precedent in the present controversy. The language of the Shula case indicates that it is necessary to have evidence in the record relative to the total valuation of all property of the parties before this court can affirm the trial court's decision." 137 Ind. App. 72, 75.

In *Snyder*, the trial court at least had evidence of value of some of the property. Here, the trial court did not even avail itself of that minimal advantage (with the possible exception of evidence concerning the purchase price and original mortgage loan on the real estate in question).[2]

2. There is no clear evidence of record concerning the equity in such real estate owned by the parties at the time of the divorce proceeding—hence valuation at time of purchase is without a frame of reference and is for the most part of no assistance in assessing the value of the total property at the time of divorce.

*Grant* v. *Grant* (1967), 141 Ind. App. 521, 230 N. E. 2d 339, cited by appellee is unsupportive of appellee's position in this regard. That case merely states the truism that distribution of property in a divorce decree is within the sound discretion of the trial court and any such distribution will be disturbed or overturned on appeal only for an abuse of discretion. For reasons which hereinbefore have been and will hereinafter be set forth, we do indeed find such abuse of discretion.

First and most elemental in any fair, equitable distribution of property is a knowledge of the totality of the property in which the parties to the divorce hold an interest. The award of a single peppercorn to a bestial husband-defendant may be wholly shocking to the conscience if the sum total of the property of the marriage or of the parties thereto is that single peppercorn. On the other hand, an award of a million dollars to a cuckold but loving and devoted husband, who solely by reason of permanent physical disablement is without property or income, may be a mere pittance if the adulterous wife owns independently, a majority of the shares of General Motors, I.B.M. and A.T.&T., the Hope Diamond, the State of Texas and lifetime 50-yard line seats to all Notre Dame football games.

## ATTORNEY FEE ALLOWED AS PRELIMINARY IS NOT AS A MATTER OF LAW AN INSUFFICIENT FEE FOR TOTAL SERVICES RENDERED

It is to be noted that the final decree made no provision for attorney fees payable to the wife's lawyer, the trial court having determined that the $400 sum agreed upon by her trial attorney as a preliminary fee was the total amount allowable for legal services in the matter. That determination is evidenced by the following trial colloquy between the trial attorney and the court:

"MR. CALKINS: Judge, not having rested but with having him on the witness stand, I do have one further witness

who will be myself as to the services that I have rendered this lady and, if the Court please, I would like to testify at this time as to the number of hours that I have spent in the trial of the case and in conversing with her and assisting her in the preparation of her case.

THE COURT: Aren't you the one who signed, signed this thing saying that plaintiff ordered to pay R. Ronald Calkins preliminary attorney fee of $400.00 for services to plaintiff, payable at $200.00 in 45 days and $200.00 on trial?

MR. CALKINS: Yes, your honor. At that time. . . .

THE COURT: What makes you think that you can overlook that that you signed yourself?

MR. CALKINS: I interpreted that as a preliminary attorney fee and, at the time. . . .

THE COURT: Well, the Court doesn't interpret it that way.

MR. CALKINS: At the time, we did not know that this would be a contested matter. If this was a simple non-contested matter and had not required the preparation for trial, then that fee would. . . .

THE COURT: Well, if you think, if you think that I'm going to put some more weight on this man, I've got news for you, I'm not going to do it."

It is only because the matter of attorney fees may arise upon retrial of the issues delineated herein that we deem it advisable to comment upon this particular specification by appellant.

Appellant asserts that it was error for the trial court to refuse to hear evidence as to the *value*[3] of the services performed by her attorney in the trial of the divorce contest and in the preparation therefor.

While most members of the bench and bar consider it standard practice to hear testimony concerning the value of legal services in divorce actions, such testimony is not always essential to an award of fees. It is within the prerogative of the trial judge in certain in-

---

3. *See footnote 1, supra.*

stances to utilize his own experience and judicial knowledge as to the reasonable value of services. As this court noted in *McDaniel* v. *McDaniel* (1963), 194 N. E. 2d 753, 756:

> "The general rule in such matters being uncontradicted expert opinion evidence as to value of attorney's services is not conclusive or binding upon the trial court. This is especially true in the case of a court which in itself is and should be an expert as to the value of the attorney's services, and the court may apply his own knowledge and professional experience in determining the value of such services."

Accordingly, while it might appear unmistakeable that appellant's trial counsel sought and obtained an agreed entry for *preliminary* fees only, not contemplating a contest or trial, we cannot as a matter of law hold that such $400 sum allowed preliminarily is unreasonable with respect to the total services rendered. *Dragoo* v. *Dragoo* (1962), 133 Ind. App. 394, 182 N. E. 2d 434.

We therefore do not reverse the decision of the court below for its refusal to hear trial counsel's *evaluation* of his services or in refusing to order additional fees paid to appellant's attorney. This is not to say, however, that a trial court may reject evidence properly offered concerning the nature and extent of legal services rendered.

The decision below is hereby affirmed as to the award of divorce to appellant. It is further affirmed with respect to the award of child custody to appellant and with respect to the order of child support entered below. The decree, however, is in all other things reversed and the cause is remanded for retrial.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported in 284 N. E. 2d 820.