### DALE E. JACKMAN *v.* MARJORIE M. JACKMAN.

[No. 3-972A63. Filed April 10, 1973. Rehearing denied May 15, 1973. Transfer denied September 24, 1973.]

*Richard F. Benne,* of Hammond, for appellant.

*William F. Kane, Jr.,* of Merrillville, *George Vann,* of Kentland, for appellee.

LOWDERMILK, J.—Plaintiff-appellee and defendant-appellant were duly married on January 15, 1949, and separated on November 28, 1970. They had born to the union two children, both boys, one eight years and one seven years of age at the time of the filing of the complaint for divorce on December 3, 1970.

Parties later appeared in open court and stipulated to an order whereby plaintiff-appellee was to have exclusive possession of the premises owned by the parties in Munster, Indiana, together with all furniture situated therein; defendant-appellant was to pay $50.00 per week support for the minor children and $400.00 for plaintiff-appellee's preliminary attorney fee.

Defendant-appellant filed his cross-complaint for divorce on the day the case was tried.

The trial court, after hearing the evidence, entered its decree awarding a divorce to each of the parties and thereafter, on February 18, 1972, the trial court changed its judgment which had been entered on January 6, 1972, wherein he said that pursuant to *O'Connor* v. *O'Connor* (1970), 253 Ind. 295, 253 N.E.2d 250, he vacated the judgment and he at that time entered a judgment for the plaintiff on her com-

plaint and against the defendant on his cross-complaint; he awarded the care and custody of the two minor boys of the parties to the plaintiff-appellee, and ordered defendant-appellant to pay $360.00 per month support for said boys, together with the further sum of $700.00 attorney's fees for plaintiff's attorney, of which $525.00 had been paid, leaving a balance of $175.00.

The court further found that the parties in the action were the owners of the real estate at 8304 North Cote Street, Munster, Indiana, then owned by them as tenants by the entireties and described as follows, to-wit:

"Lot 1, Block 10, Wicker Park, in the town of Munster, Indiana, as shown in Plat Book 20, page 40, Lake County, Indiana",

together with all the household furniture and effects located at the above described property.

The court further found that plaintiff was entitled to the 1968 Ford Mustang automobile which was then in her possession and the defendant was entitled to the 1972 Buick automobile which was then in his possession, together with 200 shares of Gayle Industries stock which was of the value of $50.00.

Judgment was duly and timely entered on the findings of the court which gave the defendant-appellant reasonable visitation with said children and which ordered deeds made and the property placed in the name of the plaintiff-appellee within thirty days. Plaintiff-appellee was to assume and make payments on the balance of the existing mortgage on said real estate. All other aspects of the finding were incorporated in the judgment on said findings.

Defendant-appellant timely filed his Motion to Correct Errors which the court overruled and the praecipe for appeal was prayed and filed.

Defendant-appellant set forth six specifications he claims to be error in his Motion to Correct Errors, which are as follows:

"1. That the decision of the court was contrary to the evidence in that the cross-complainant was denied a divorce and contrary to law in that a divorce was singularly granted to plaintiff.

2. That the decision of the court was contrary to the evidence in that the court found that the residence of the parties valued at $38,500.00, subject to a mortgage of less than $3,000.00, household furniture, a 1968 Ford automobile, a 1972 Buick automobile, subject to a lien, and common stock valued at less than $200.00 but all granted to the plaintiff-appellee except the $200.00 worth of stock and the 1972 Buick automobile, subject to the lien thereon.

3. The Court's decision was contrary to law and set out the same specifications as No. 2 herein.

4. That the decision of the Court was contrary to the evidence and contrary to law for the reason that the judgment was entered without making a finding as to the joint debts of the parties and the liability therefor.

5. The defendant was denied a fair trial by irregularity in the proceedings in that the court changed its order after adopting the rule in O'Connor v. O'Connor and he was denied equity and the right to submit authorities on law concerning property settlement and attorney's fees as ordered by the court on January 6, 1972.

6. That the decision of the Court was contrary to the evidence in that there was no evidence presented at the trial to substantiate an award for attorney's fees to plaintiff's counsel."

We shall now treat specifications 1 and 5 together. It appears to us that said specifications are correct as to the trial judge's having first granted each of the parties a divorce on the complaint and cross-complaint. This, he did do, but less than 90 days and before the Motion to Correct Errors was filed he changed his record and made a new record wherein he granted the plaintiff-appellee an absolute divorce from the defendant and denied his cross-complaint.

Rule TR. 52(B) empowers the court to change its record on its own motion before a Motion to Correct Errors, (Rule 59) is required to be made, or where there is a Motion to Correct Errors by any party, the court, in the case of a claim tried without a jury ". . ., may open the judgment, if one

has been entered, take additional testimony, amend to make new findings of fact and enter a new judgment or any combination thereof . . ."

This court in the case of *Wadkins* v. *Thornton* (1972), 151 Ind. App. 380, 279 N.E.2d 849, at p. 851, stated:

> "However, IC 1971, 33-1-6-3, Ind. Ann. Stat. § 4-6312 (Burns 1968) has limited the power a court possesses over its judgment to a period of 90 days after the judgment is rendered. Therefore, courts now have the same power to act during the 90 day period following rendition of a judgment as they did during term time.
>
> "Courts in Indiana have traditionally possessed broad powers in term time, on their own motion or upon that of any of the parties, to modify, set aside or vacate their judgments. [Cases cited omitted.]"

We now hold that the trial court did not commit error in changing the judgment in a period of less than 90 days from the rendition thereof and such was not contrary to law.

Specifications 2 and 3 of the Motion to Correct Errors are based on the premise that the court abused its discretion in the property settlement award to appellee and the action of the trial court was contrary to law. To bear out this argument appellant cites *Plese* v. *Plese* (1970), 146 Ind. App. 545, 257 N.E.2d 318, 323, which relates the court's statutory duty to adjust and adjudicate the property rights of the parties involved and, further:

> "It is only the abuse of the power of discretion which is reviewable on appeal and the presumption in favor of the correct action of the trial court is one of the strongest presumptions applicable to the consideration of a case on appeal."

When the parties were married plaintiff-appellee had $2,-000.00 in cash and 30 savings bonds of undisclosed amounts. It was these funds on which the parties took their honeymoon and the remainder was used to help purchase the lot where the parties built their home. The parties constructed their home with their own labor.

Plaintiff-appellee worked nine years after the marriage and had an approximate income during that time totaling $38,000.00 which she claimed went in large part into the construction of the home.

The home, according to the evidence, was of the net valuation of $38,500.00. There was a mortgage with a balance due thereon in the sum of $2,348.81 which the court ordered the plaintiff-appellee to assume and pay at the time he awarded the real estate to her.

The evidence was that the house was furnished but the furniture was all as old as the house. This was awarded to plaintiff-appellee, who testified the furniture was of no value. The 1968 Mustang had no value placed on it, but it had no indebtedness thereon, so far as we can determine, and it was awarded to the plaintiff-appellee.

The evidence disclosed that in the year of 1971 the defendant-appellant had a net income of $17,231.00, of which part was a commission and the rest salary. He was a vice-president in charge of sales of the Fred C. Riley & Sons Corporation and over the past four years his income had on the average increased annually. The 1972 Buick did not have a value placed on the same by the court and there was a net balance due on the note given in part payment therefor. In addition thereto he got $50.00 in stocks.

The defendant-appellant had expressed a desire that the children remain in Munster, Indiana, because it was a good place in which to live and had a good school system available to them. Munster, of course, was where the home of the parties was located and in which the mother and sons could reside; they would need a home.

Defendant-appellant relies on the case of *Snyder* v. *Snyder* (1964), 137 Ind. App. 72, 198 N.E.2d 8. In that case the court did not pass on the value nor hear any evidence on the value of a truck used in business; value, if any, of a plumbing business, including equipment, tools, fixtures, et cetera, which business was owned by the appellee and which was given to the

appellee by the court as his sole and separate property, subject to any liens thereon. Each party was declared to be the owner of their personal effects and no evidence of the value of such property was submitted to the court.

There was conflicting evidence as to value of the household goods. Nevertheless, an award was made against the appellant without the evidence establishing how the trial court arrived at this figure.

This court determined in *Snyder* that such was an abuse of discretion on the part of the trial court and reversed.

In the case at bar, defendant-appellant testified that the furniture in the house was of no value because of its age. There was no testimony as to the value of the 1972 Buick awarded to the defendant-appellant and neither was there any evidence as to the value of the 1968 Mustang which went to the plaintiff-appellee.

We are of the opinion that if such was error it was harmless error, as the trial judge had a right to consider his knowledge as to the value of the 1972 Buick and the 1968 Mustang.

The trial court may consider the ordinary affairs in the lives of men and women in deciding whether the evidence is sufficient to sustain the judgment. *Davoust* v. *Mitchell* (1970), 146 Ind. App. 536, 257 N.E.2d 332, 336.

Judge Robertson of this court, in *Boshonig* v. *Boshonig* (1971), 148 Ind. App. 496, 267 N.E.2d 555, stated that this court will not weigh the evidence but will consider it in a light most favorable to the appellee. The decision of the trial court, relative to property rights, alimony, and other allowances are reviewable for a determination of an abuse of discretion and for that purpose only.

The court further said:

". . . The judicial discretion in a case of this nature is an exercise of official conscience, not arbitrarily, willfully, or passionately exercised, but based upon the facts and circumstances of the particular case with regard to what is

right and equitable under the applicable law and to the end of a just result. The appellant's responsibility is to show a clear abuse of judicial discretion. [Cases cited omitted.]

\* \* \*

". . . The trial judge fulfilled his responsibilities in this case by determining from the evidence before him the amount and the method of payment of the alimony."

Judge Robertson further held that in applying the previously stated guidelines and rules laid down by the courts in determining an alimony award to the wife that the court had authority to take into account the nature of the abuse that the appellee had suffered and the extent of her contribution to the property of the parties during the marriage. See, also, *Grote* v. *Grote* (1972), 151 Ind. App. 55, 277 N.E.2d 909.

In the case at bar the appellee had gained forty pounds in weight after the marriage. Plaintiff-appellee testified that on occasion defendant-appellant would call her a fat pig or a fat sow, and a damn b—— in front of the children. She further testified they had not lived as man and wife for a year and a half and defendant-appellant was away from home almost every evening for the past four years. It was within the trial court's province to consider this evidence of cruel and inhuman treatment along with all other pertinent evidence in making a division of the property of the parties.

In the case of *Grant* v. *Grant* (1967), 141 Ind. App. 521, this court said:

"The rule is that the determination of the trial court on the issue of alimony will be reversed only for an abuse of discretion apparent on the face of the record. [Cases cited omitted.]"

In the case of *Chaleff* v. *Chaleff* (1969), 144 Ind. App. 438, the court, at page 441, said:

"The trial court has a duty to settle and determine the property rights of the parties. The trial court's determination will not be disturbed on appeal in the absence of an abuse of discretion. This court is required to consider the

evidence most favorable to the appellee and all reasonable inferences in his favor. [Cases cited omitted.]"

In the case of *Northrup* v. *Northrup* (1972), 154 Ind. App. 469, 290 N.E.2d 501, this court said:

"Even if the net worth of the appellant had been conclusively established, it would not become the sole criterion upon which to base a division of the property between the parties. See: Bahre v. Bahre (1962), 133 Ind. App. 567, 571, 181 N.E.2d 639, 641 (transfer denied), which stated that the following factors may be investigated and considered in determining the amount of alimony in a particular case: 1) the existing property rights of the parties; 2) the amount of property owned and held by the husband and the source from which it came; 3) the financial condition and income of the parties and the ability of the husband to earn money; 4) whether or not the wife, by her industry and economy, has contributed to the accumulation of the husband's property; and 5) the separate estate of the wife."

In following the guidelines set down in *Northrup* v. *Northrup* and *Bahre* v. *Bahre,* and applying these guidelines to the facts in the case before us, we are of the opinion that there was no abuse of discretion on the part of the trial judge and that his finding and award in the property settlement was not contrary to the evidence or the law.

Defendant-appellant in specification 4 of his Motion to Correct Errors set forth that the court made a settlement of the property rights of the parties without making a finding as to the joint debts of the parties and the liability therefor; that the court failed to make a finding as to unauthorized amounts charged against defendant's accounts by plaintiff subsequent to the issuance of temporary orders in this cause and failed to make a finding as to amounts claimed due by defendant against plaintiff.

It has been necessary that we go to the transcript to determine the exact status of the record on these charges and counter-charges. Defendant-appellant testified that his wife was indebted in the amount of $1,040.14 for personal items she had purchased for herself and charged to him after the

order was made for the boys' support pendente lite. Plaintiff-appellee denies these charges and said that they were never made by her.

Defendant-appellant testified that there were certain amounts due to certain companies but never introduced statements of the alleged debts into evidence.

Defendant-appellant cites the case of *McDaniel* v. *McDaniel* (1964), 245 Ind. 551, 201 N.E.2d 215, as authority that the trial court is mandated to rule on all the facts and a failure to do so is reversible error.

In *McDaniel* there was a spendthrift trust of $100,000.00 which the aggrieved wife claimed she had an interest in for her alimony settlement and it was this spendthrift trust that the trial judge did not mention in his findings of fact. In that case there was evidence as to the spendthrift trust and in the case at bar the evidence was defendant-appellant's claim, uncorroborated by other evidence and absolutely denied by the plaintiff-appellee, which placed on the trial court the duty of weighing that evidence along with all the other evidence.

It was strictly the province of the trial court to determine who he would believe and who he would not believe when he heard this evidence. We cannot weigh the evidence, but can only consider the evidence most favorable to the appellee. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N.E.2d 669; *Chaleff* v. *Chaleff, supra*.

Defendant-appellant's sixth and last specification of his Motion to Correct Errors is that the court allowed attorney's fees without proof thereon as to the value therefor.

In the case of *Northrup* v. *Northrup, supra,* the court awarded the plaintiff's attorney $500.00 additional attorney's fees and this court said:

"We can find no evidence in the record before us in support of such award, the law is well settled that in a divorce

action the trial court may take judicial notice of what a reasonable attorney's fee would be. The award of the trial court as to attorney's fees will be disturbed on appeal only where a clear abuse of discretion is shown. [Cases cited omitted.]"

In the case at bar, we find no abuse of discretion in the award of $700.00 attorney's fees.

Finding no reversible error, this judgment is affirmed.

Robertson, P.J and Lybrook, J., concur.

NOTE.—Reported at 294 N.E.2d 620.