No. 17,582.

## STOFFEL *v.* SELLERS ET AL.

RECEIVER.—*Amendment of Application For.*—*Foreclosure of Mort-gage.*—*Expiration of Time for Redemption.*— An application by the assignee of a certificate of sale under foreclosure, for the appointment of a receiver to collect rents and profits and apply the same to the payment of mortgages, may be amended by setting up facts entitling the plaintiff to the relief sought, after the reversal of an order appointing such receiver, although the period of redemption has expired in the meantime, where there is a controversy between the plaintiff and the mortgagor over the amount in the hands of the receiver.

From the Huntington Circuit Court.

*B. F. Ibach,* for appellant.

*J. M. Hatfield,* for appellees.

MONKS, J.—On application of appellant a receiver was appointed by the court below, February 23, 1893, to collect the rents and profits of certain real estate upon which mortgages had been foreclosed, and apply the same to the payment of said mortgages. An appeal was taken from this order of the court, and the same was reversed in this court. *Sellers* v. *Stoffel,* 139 Ind. 468.

On February 2, 1894, after the case had been returned to the court below, the receiver appointed in said cause made a report, in writing, of his receipts and expenditures as such receiver, showing a balance in his hands, and that appellant and appellees both claimed the same. Afterward, on February 18, 1894, appellant asked permission of the court, to file an amended complaint, and at the same time presented the amended complaint and an affidavit in support of said application. The court

overruled the application, and refused to permit appellant to file the amended complaint, to which action of the court appellant at the time excepted. The court thereupon ordered the balance in the hands of the receiver to be paid to appellees, to which appellant objected and excepted.

The affidavit in support of said application, so far as necessary to the determination of this cause, is substantially as follows:

A mortgage was foreclosed on certain real estate and a judgment for $1,135 rendered against appellees, and in favor of a building and loan association, on the 2d day of November, 1892.

On the same day a judgment and decree of foreclosure was rendered in favor of appellant, against appellees, for $204.50, which was a second lien on the real estate. Said real estate was sold by the sheriff on the decree of foreclosure first named to the building and loan association, the plaintiff therein, for $1,204.08, on January 14, 1893, leaving the judgment and decree of foreclosure in favor of the appellant wholly unsatisfied. Afterwards, to protect his interests in said real estate, appellant purchased and took an assignment of said certificate of purchase. At the time of said sheriff's sale, the real estate was occupied by a tenant of appellees. After said sale the application and order was made for the appointment of a receiver, which was reversed by this court. When the said sale was made, and the receiver appointed, there was a lien on said real estate of $81.90 for State, county and city taxes. Said real estate was not worth more than $1,300, and the liens thereon amounted to the sum of $1,600, and appellees were wholly insolvent and had no real or personal property whatever, out of which said judgment or taxes

could be made, and were utterly unable to pay any part of said judgment or taxes. On the 14th day of January, 1894, the time of redemption expired, and the said real estate was not redeemed. Wherefore appellant asks that he may amend his complaint, in which he asks for the appointment of a receiver, so as to show these facts, which amended complaint, marked Exhibit "A," he files herewith, and makes a part hereof, and which amended complaint he says is true, and asks that the money now in the hands of the court be paid first on said taxes, and the remainder on said unsatisfied judgment.

These facts are not the same as those presented on the former appeal, and had they been before us then, a different conclusion might have been reached. We think the court below erred in not permitting appellant to file his amended complaint. Appellant, on a proper complaint, has a right to show, if he can, that he was entitled to have a receiver appointed, in February, 1893, and if he establishes such fact, then his right to the money in the hands of the receiver would be the same, and would be determined in the same way, as if a receiver had been properly appointed at that time. The only difference being that the complaint filed now should state not only the facts, showing that he was then entitled to have a receiver appointed, but also facts, showing that he is now entitled to the money in the hands of the receiver.

If the facts, when properly pleaded and proven, give appellant the money on hand, the delay, or the fact, that the year for redemption has expired, cannot deprive him of such right. We express no opinion as to the sufficiency of the amended complaint, which is copied into the record, as that question is not before us.

Judgment reversed, with instructions to the court to allow appellant to file an amended complaint, and for further proceedings not in conflict with this opinion.

