BOPE ET AL. *v.* BALLINGER ET AL.

[No. 15,349. Filed April 22, 1937.]

*Oscar B. Smith,* for appellants.

*O. W. Nichols,* for appellees.

CURTIS, J.—This was an action by the appellants, who are husband and wife, against the appellees upon a complaint in two paragraphs, the first paragraph seeking the reformation of two deeds and asking for the appointment of a commissioner to convey the real estate in question to the appellants, and the second paragraph asking that appellants' title to said real estate be quieted. The appellee Henry Ballinger filed an answer in two paragraphs to the complaint, the first being a general denial and the second paragraph admitting an error in the said deeds and alleging further that he offered to

convey to the appellants the real estate intended by him to be conveyed upon a reconveyance to him by them of the tract he had erroneously deeded. To this second paragraph of answer the appellants filed a reply in general denial. The appellee Etta Ballinger was defaulted. The other appellee, Hannah Perry, filed an answer to each paragraph of the complaint, in effect, admitting that the material allegations of the complaint were true but alleged further that she was powerless to remedy the error and asked judgment for costs.

Upon the issues thus made the cause was submitted for trial to the court without the intervention of a jury resulting in a finding that the appellants take nothing by their complaint and that the appellees recover their costs. The judgment was in accordance with the finding. The appellants in due time filed their motion for a new trial which was overruled with an exception reserved and this appeal was thereafter prayed and perfected. The only error assigned is the ruling on said motion. The causes or grounds of the said motion are that the decision of the court is not sustained by sufficient evidence; is contrary to law; and alleged error in excluding certain offered evidence.

With reference to the last mentioned cause or ground of the motion we conclude that no reversible error is shown. The offered evidence was as to an alleged fact that occurred at least four days after the termination of the trial. The trial court refused to open up the case and admit the offered evidence. While the court had the power, upon a proper showing, to open up the issues for the purpose of admitting the said evidence, yet such action was within the sound discretion of the trial court and unless there was a clear abuse of discretion this court will not disturb the said action of the trial court. There has been no showing of an abuse of discretion in the said matter.

The other two causes of the motion for a new trial as above set out will be discussed together.

The salient facts out of which the case arises are as follows: The appellees Henry Ballinger and Etta Ballinger obtained title to some 6.83 acres of land from one Gordon W. Learn and wife and Myron E. McKinnon and wife by a deed properly executed and duly recorded. Ballinger and Ballinger later conveyed a piece of real estate to Hannah Perry, an appellee herein, and her husband, William W. Perry. William W. Perry later died and the said Hannah Perry became the sole owner of the real estate. The deed to Perry and Perry contained a description of some land and had in it the recital that it conveyed "one and thirty-seven one hundredths (1.37) acres, more or less." Hannah Perry, as widow, then made a deed of conveyance to the appellees herein using the same description as contained in the deed to her husband and her from Ballinger and Ballinger and containing the same recital that it covered "one and thirty-seven one hundredths (1.37) acres more or less." It is now admitted that both of said last two deeds contained an erroneous description. But each paragraph of the complaint described 6.83 acres of land. The first paragraph asked for a reformation of both last mentioned deeds and that a commissioner be appointed to make a correct conveyance to them. The second paragraph of complaint asked that the appellants' title be quieted to the 6.83 acres of land. The appellee Henry Ballinger contended that he sold only 1.37 acres to Perry and Perry and that he was ready to convey the said 1.37 acres by proper description when he received a reconveyance of the land he had erroneously conveyed.

There was a conflict in the evidence in some important particulars. We need not cite authority to the

proposition that such such circumstances this court will not weigh the evidence and substitute its judgment for that of the trial court. When the recitals above set out which were in the deeds sought to be reformed and the evidence of the appellee, Henry Ballinger, are considered we think that there was some competent evidence to sustain the decision reached by the trial court that the appellants were not entitled to a reformation of said deeds so as to convey 6.83 acres, nor to have their title quieted to 6.83 acres.

The death of Henry Ballinger, one of the appellees herein, after the submission of this cause in this court has been suggested, and the judgment is therefore affirmed as at the term at which submission was made. Sec. 2-3235 Burns 1933, §510 Baldwin's 1934.