TRIVETT *v.* TRIVETT AND TRIVETT d/b/a TRIVETT'S
GULF STATION.

[No. 1167A102. Filed December 3, 1968. No Petition for Rehearing
filed.]

*William D. Hall, Hall & Pace,* of Indianapolis, for appellant.

*Richard Smith, John T. Hume, III,* and *Smith & Jones,*
of counsel, of Indianapolis, and *Christian, Waltz, White &
Klotz,* of counsel, of Noblesville, for appellee.

SMITH, J.—This action arose as a result of a two-vehicle collision at the intersection of Morris Street and Brandt Drive, in the City of Indianapolis, Indiana. Appellant was traveling east on Morris Street when struck by appellee's truck which had failed to stop at Morris Street, a preferential street, where Brandt Drive intersects with said Morris Street. Immediately prior to the accident, appellee had been proceeding north on Brandt Drive, but appellee's brakes failed when he attempted to stop at the intersection, and this resulted in the collision in question.

This case was tried by the court and a judgment was entered in favor of appellee. Thereafter, appellant filed a timely motion for new trial, which was overruled. The sole assigned error is the overruling of the motion for a new trial.

We will not belabor this opinion with a verbatim recital of the new trial motion because of its length. Said motion contains five specifications of error which may be summarized as follows: (1) that the plaintiff-appellant was prevented from having a fair trial, which specification contains five allegations of error; (2) that the decision is not sustained by sufficient evidence; (3) that the decision is contrary to law; (4) that in view of certain evidence the verdict is contrary to law; and (5) that plaintiff-appellant has acquired, after termination of the trial proceedings, newly discovered evidence which is material to his cause of action.

Appellant concedes that Specifications 2 and 3 have been waived because of the failure to support the same by written memorandum as required by Rule 1-14B of the Rules of the Supreme Court. See, *Anderson v. Irwin* (1968), 142 Ind. 302, 234 N. E. 2d 276.

An examination of Specification No. 4 of appellant's motion for new trial alleges that the trial court's decision is contrary to law, and contains therein a recital of evidenciary facts and supporting authorities. This alleged error should have been included in Specification No. 3 and has therefore

been waived because Specification of Error No. 3 has been waived.

Specification No. 1 of appellant's motion for new trial alleges: "that the plaintiff-appellant was prevented from having a fair trial, in this:", and states five allegations of error supporting this specification. Appellant, in his brief in opposition to appellee's motion to dismiss or affirm, states that this specification is, in effect, complaining of the exclusion of certain evidence by the trial court. We feel that this assignment should have been made under the eighth statutory ground provided for in Burns' Ind. Stat., § 2-2401 (1946 Repl.) which reads as follows:

> "Eighth. Error of law occurring at the trial and excepted to by the party making the application; . . ."

This court in *Wiggins v. Rose* (1967), 141 Ind. App. 569, 230 N. E. 2d 636, held that a specification of error is insufficient as a cause for a motion for a new trial when it does not set forth any of the correct statutory causes as provided in Burns' Ind. Stat., § 2-2401 (1946 Repl.).

Appellant's Specification No. 5 alleged that "Since the trial, plaintiff has discovered the following evidence, which is material to his action.", and this specification is followed by several pages containing a narration of facts alleged to have occurred immediately after the trial. Burns' Ind. Stat., § 2-2401 (1946 Repl.) provides the specific statutory authority for alleging this as cause for a new trial in the seventh clause of said statute, which reads as follows:

> "Seventh. Newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

The proper procedure requesting a new trial based on newly-discovered evidence is discussed in Flanagan, Indiana Trial

& Appellate Practice, § 1820, p. 397, which discussion reads as follows:

> "The plaintiff has, since the trial of this cause, discovered new, competent evidence, material to his action, which was unknown to him at the time of the trial, and which he could not with reasonable diligence have discovered and produced at the trial, and which can now be produced if a new trial of this cause is had, as more particularly set forth as follows: (Here set forth fully the newly discovered evidence, showing why it could not with reasonable diligence have been discovered sooner and produced at the trial. Give the names of the witnesses and the facts to which they will testify.), all of which more fully appears in the affidavits of ————, and of this plaintiff filed herewith and made a part hereof, and which are as follows: (here set out)".

However, notwithstanding appellant's failure to follow the prescribed procedure in seeking a new trial because of newly discovered evidence, we are of the opinion that this specification of error should be considered on its merits.

It is the general accepted principle of law in Indiana that if a new trial is to be granted because of newly discovered evidence, *it is required to be shown that the newly discovered evidence is material rather than cumulative; that the newly discovered evidence was not available at the time of the trial; and that the newly discovered evidence was not known to the appellant at the time of the trial and which he could not with reasonable diligence have discovered.* See, *Lemons et al. v. Barton et al.* (1963), 134 Ind. App. 214, 186 N. E. 2d 426.

The record in the case at bar reveals that the appellant's motion in seeking a new trial on the ground of newly discovered evidence does not meet the aforementioned requirements. It is also well settled that the refusal by a trial court to grant a motion for a new trial because of newly discovered evidence is a matter within the sound discretion of the court and will not be disturbed unless there is a showing of an abuse of this discretion. See, *Clemans*

*Truck Lines, Inc. v. Vaughn* (1966), 139 Ind. App. 404, 220 N. E. 2d 351. We find nothing in the record in the case at bar showing abuse of this discretionary power granted to the trial court.

It is quite apparent that the appellant in his motion for a new trial has failed to include all the necessary allegations provided in the seventh clause of the new trial statute, and thus, Specification No. 5 also fails to set forth a statutory cause for new trial.

This court is also of the opinion that appellant's brief does not comply with Supreme Court Rule 2-17(h) which reads as follows:

"(h) The briefs shall contain under the heading 'Argument' the matters required under paragraph (e) above with reference to the record and evidence, and shall specify such of the assigned errors as are intended to be urged, and each cause in the motion for a new trial which is intended to be urged. After each assignment of error relied upon—except the ruling on a motion for a new trial—and after each cause for a new trial relied upon—there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and statutes relied upon, and setting out verbatim the relevant parts of such statutes as are deemed to have an important bearing. If substantially the same question is raised by two (2) or more assignments of error or causes for a new trial, they may be grouped and supported by one (1) argument. If more than three (3) authorities are cited in support, of any argument, the three (3) authorities first relied upon shall be first cited and printed in black-faced type, or in capitals if the brief is typewritten. In citing cases, the title of the case must be given, the year of final disposition, and the book and page where reported. Indiana cases officially reported must be cited and quoted from the book and page of the official report."

Appellant has divided his argument into three sections and none of these sections meets the requirements of Rule 2-17(h).

The arguments are written in narrative form and there is no attempt to concisely state issues, arguments

and supporting authorities. It is difficult to determine the issue raised by each specification because of the vague charges of error therein. In making a determination of this case on the merits, this court would be required to speculate as to the issues and arguments propounded by the appellant, and this is not our function.

It is our opinion that in the preparation of his brief, appellant has not met the requirements of Rule 2-17(h).

Appellee filed a motion to dismiss or affirm on February 26, 1968, and said motion, by order of this court, held a ruling on said motion in abeyance until the case was finally disposed of. Said motion to dismiss or affirm is hereby overruled.

We find no reversible error and are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 242 N. E. 2d 44.