PLESE *v.* PLESE

[No. 669A92. Filed April 23, 1970.]

*George Krstovich,* Gary, for appellant.

*Herman Barber, Carrol, Barber & Sorbello,* Crown Point, for appellee.

LOWDERMILK, C.J.—Plaintiff-appellee brought an action for divorce in one paragraph against the defendant-appellant, who filed her cross-complaint for absolute divorce and alimony. The issues were closed by answers under Rule 1-3 and the cause was submitted to the court for trial.

The court found for the defendant-appellant on her cross-complaint and against the plaintiff-appellee on his complaint.

Appellant was awarded her own separate property and her personal effects, most of which she had before her marriage to appellee. Appellee was awarded all of the furniture and other personal property he owned at the time of the separation and most of which he had at the time of his marriage to appellant. Each of the parties retained as their own personal property the respective automobile that was in the possession of each at the time of the decree. The real estate, which was appellee's home at the time of the marriage and had been the home of the parties during the marriage was set off to the appellee as his separate property, and appellee was ordered to pay appellant $500 alimony within 90 days. The parties were ordered to execute deeds and title transfers to make the court's judgment effective.

Appellee was further orderd to pay the obligation for dental work on appellant in the amount of $450 and a doctor's bill in the amount of $45. In the event the bills had been paid appellee was ordered to reimburse appellant in the amount so paid.

Appellant timely filed her motion for a new trial on two grounds, namely: (1) the decision was not sustained by sufficient evidence, and (2) the decision is contrary to law. This was followed by a memorandum covering the points raised in the motion.

The motion for new trial was overruled and an appeal was perfected. Appellant's assignment of error is that the court erred in overruling appellant's motion for a new trial.

The issue before the court is whether there was an abuse of discretion by the trial court in awarding a settlement which appellant claimed to be excessive and unreasonable compared to the award to the appellee and whether the decision was contrary to law.

The evidence is, for the most part, contradicted on material acts of cruel and inhuman treatment of the parties toward one another.

Appellee, during his first marriage, had purchased a home for $5,250.00 which was an incomplete house and which he had, over the years done some work on to complete the same. The over-all cost was $9,000.00. Appellee owed $1,100.00 on the contract purchase of the house when the parties were married in August, 1960. On July 19, 1961, the parties borrowed $2,500.00 and executed a note and mortgage on the real estate to a bank, and at the time of the divorce still owed $1,200.00 thereon, and were making monthly payments. At the time they put the mortgage on the real estate they executed deeds and owned the real estate as tenants by the entireties.

After the marriage appellant worked for seven or eight months and also was a State Representative for one term during the marriage, for which she received $1,800.00 She paid her campaign expenses and assessments out of this income and made a few $25.00 monthly payments on the mortgage, and did contribute some toward household expenses. She also took care of two minor children of the appellee by his first marriage.

Appellant testified that in her opinion the real estate was worth $15,500.00. A real estate broker testified that in 1952, the property was worth $10,500.00. The appraisal of the bank which took the mortgage was $12,750.00, in July, 1961.

Appellant owned a 1959 Chevrolet which had been given to her and was worth about $100.00, and which appellee had repaired at his expense of about $200.00. The evidence was that the furniture owned by the parties was worth about $800.00, according to appellee. Appellee owned a 1963 Oldsmobile which was paid for and was worth $800.00 to $900.00.

There was evidence that appellee physically beat appellant, that he paid fines therefor and that he would be gone over-

night and was seen by appellant with another woman on divers times and occasions. Appellee denied anything wrong with his association with the other woman, but he did admit he struck his wife on one occasion and bloodied her nose. However, he claimed the reason for that was that she had thrown an alarm clock at him.

Appellee during the marriage had been gainfully employed, earning $8,800.00 per year. At trial time appellant testified she had no money or income except $10.00 per week which she earned as a part time waitress and she was physically unable to work.

There was further evidence that appellant would be gone from appellee's home for several days at a time and his children would have to take care of themselves and, further, that appellant would sit in the house and require appellee's children to do all the work and prepare the meals for appellant.

As heretofore stated, appellee was awarded the real estate of the parties, worth from $10,500 to $12,750, less the $1,200 balance of the unpaid mortgage; also, all furniture that appellant did not bring into the marriage.

Appellant received, in addition to her own furniture, alimony of the value of about $600, plus the payment of her medical and dental bills.

Briefly, this is the ground upon which appellant charges the award of alimony was insufficient.

We must necessarily arrive at the opinion that both parties were guilty of conduct which, had the other party been innocent, would have entitled the other (innocent) party to a divorce. However, the case of *O'Connor* v. *O'Connor* (1969), 253 Ind. 295, 253 N. E. 2d 250, has held that the doctrine of recrimination in divorce cases is abolished and the comparative rectitude doctrine adopted. Recrimination was not raised by either party and is not before this court; therefore,

the trial court was justified in granting the divorce in this cause.

There are no binding or set rules to govern the trial court; nevertheless, the trial court, in determining the amount of alimony in a divorce proceeding should be guided by the particular circumstances involved and it is proper for the trial court to consider the following factors, as set forth in *Bahre* v. *Bahre* (1962), 133 Ind. App. 567, 571, 181 N. E. 2d 639, Transfer denied:

". . . (1) the existing property rights of the parties, . . . (2) the amount of property owned and held by the husband and the source from which it came, . . . (3) the financial condition and income of the parties and the ability of the husband to earn money, . . . (4) whether or not the wife by her industry and economy has contributed to the accumulation of the husband's property, . . . (5) the separate estate of the wife, . . ." *Ferguson* v. *Ferguson* (1955), 125 Ind. App. 596, 125 N. E. 2d 816.

In determining whether there was an abuse of discretion in the trial court's consideration of such guidelines as laid out in *Bahre* v. *Bahre, supra,* and *Ferguson* v. *Ferguson, supra,* we, as a reviewing court can only draw reasonable inferences in favor of the appellee, for we do not have the prerogative of weighing the evidence or evaluating the credibility or demeanor of the witnesses who testified. *Draime* v. *Draime* (1961), 132 Ind. App. 99, 173 N. E. 2d 70, Tr. Denied; *Smith* v. *Smith* et al. (1954), 124 Ind. App. 343, 115 N. E. 2d 217, Tr. Denied.

In the more recent case of *Grant* v. *Grant* (1967), 141 Ind. App. 521, 230 N. E. 2d 339, this court explicitly set forth the role of the Appellate Court in reference to abuse of discretion in the awarding of alimony and property settlement:

"This court has stated many times that in divorce cases the trial court has not only the power but the statutory duty to adjust and adjudicate the property rights of the

parties involved. While the adjusting of property rights between the parties is the mandatory duty of the trial court, in so doing, it has broad discretionary powers, and the awarding of alimony is solely within the court's discretion. The court may also transfer property as between the parties, whether it be real, personal or mixed, and whether title at the time of the trial is held by the parties jointly or by one of them individually. [Citing cases.]

* * * ". . . Therefore, the exercise of a trial court's discretion is not reviewable on appeal. It is only the abuse of the power of discretion which is reviewable on appeal and the presumption in favor of the correct action of the trial court is one of the strongest presumptions applicable to the consideration of a case on appeal. Estate of Fritz W. Alexander, Sr., Deceased, v. Arletha Alexander (1966), 138 Ind. App. 443, 212 N. E. 2d 911, 915; Draime v. Draime, supra; Holst v. Holst, supra." (Our emphasis.)

See, also, Smith v. Smith (1960), 131 Ind. App. 38, 169 N. E. 2d 130.

Our Supreme Court, in the case of Shula v. Shula (1956), 235 Ind. 210, 132 N. E. 2d 612, 615, said:

" '* * * Where the wife is entitled to alimony and he is possessed of an estate, it would be improper under any circumstances to give her less than what her dower interest therein would have been, for the reason that he should not be allowed to profit by his own wrong.' 17 Am. Jur., Divorce and Separation, § 600, pp. 469-470.

" '* * * frequently the amount of alimony is fixed at the amount the wife would have received had her husband died, and it has been said that, * * * in no event should the allowance be less than her dower interest would have been. Certainly, where an absolute divorce is granted, the value of the dower that the wife would have otherwise received may always be considered in fixing alimony.' (Our italics.) 27 C.J.S., Divorce, § 236, pp. 978-979.

"The fact that the rule above asserted is not applicable to estates by the entireties or estates in survivorship where the entire estate would vest in the wife, is made clear by the statement in the case of Temme v. Temme, supra, 103 Ind. App. 569, at page 574, 9 N. E. 2d 111, page 113, relied upon by appellee:

" '* * * Where the husband and wife own real estate as tenants by the entireties, upon the granting of a divorce

*they become the owners of the real estate as tenants in common,* and this is a proper fact to be taken into consideration in fixing the amount of alimony to be awarded the wife. *Huffman* v. *Huffman,* (1913), 53 Ind. App. 201, 101 N. E. 400.' (Our italics.)

"The impossibility of applying the rule asserted in the *Temme* case, *supra,* as here attempted, is demonstrated by the fact that, if the rule were followed a wife would be entitled to claim all the property of the parties, regardless of the source, if, at the time of the divorce, it was held under a condition of survivorship. Our courts have stated on many occasions '* * * the amount of alimony to be allowed in a divorce proceeding is a matter within the sound discretion of the trial court. The decision will not be reversed upon appeal unless an abuse of such discretion is shown.' [Citing cases.]"

This court said, in the case of *Dieterle* v. *Dieterle* (1961), 132 Ind. App. 213, 173 N. E. 2d 665, Tr. Denied,

"In several of the cases last cited, the real estate transferred by the court was held in entireties by the parties. We find no case nor has the appellant cited us to any case which holds that it is an abuse of discretion for the trial court to transfer entireties property without granting the successful wife full compensation therefor. There may arise cases, of course, where the factual situation and the estates of the parties may result in the abuse of discretion by the trial court in its adjustment of the property rights and interests of the parties. But we find no Indiana court which lays down as an inflexible general rule that the trial court abuses its discretion by transferring the entireties property between the parties without allowing the successful wife 'full compensation therefor.' "

It must be remembered that appellee placed the title to his property in his and his wife's names as tenants by entireties at the time he mortgaged the same shortly after their marriage. The only thing she had invested therein were some $25.00 monthly payments while she was living therein. We must further understand and consider that the appellee has two children to rear and educate and this home was the only place he had for himself and the children to reside. In our

opinion, since the real estate had originally been his and the indebtedness thereon was to be paid by him and he was going to rear two minor children there, there is sufficient evidence for the trial court to make the disposition of the real estate as was done by it.

Appellant argues that this is an appeal from a negative judgment and that an appeal from a negative judgment on the grounds that the decision is not sustained by sufficient evidence presents no question for this court's consideration. With this principle of law we agree. *Grant* v. *Grant, supra.* This was not a negative judgment as to appellant, since the judgment was on appellant's cross complaint and she was awarded alimony thereon, but not as much alimony as she had demanded and wished for. She was also awarded the divorce on her cross complaint. It is a negative judgment where the party with the burden of proof recovers nothing.

It is our opinion that there was sufficient evidence before the trial court to sustain its judgment.

We will next consider whether, under the evidence, the court's finding and judgment was contray to law. The appellant is not contesting that portion of the judgment granting the divorce but is contesting only the portion of the judgment concerning the amount of alimony and property that the trial court set over to her.

This court has many times stated that in divorce cases the trial court has not only the power, but the statutory duty to adjust and adjudicate the property rights of the parties involved. While the adjusting of property rights between the parties is the mandatory duty of the trial court, in so doing, it has broad discretionary powers. The awarding of alimony is solely within the court's jurisdiction. The court may also transfer property as between the parties, whether it be real, personal or mixed, and whether the title at trial time is held individually by one of the parties or by the parties jointly.

The trial court had the parties and witnesses before it and it was the trial court's duty to weigh the evidence. We cannot and will not attempt to do so. The exercise of the trial court's discretion is not reviewable on appeal. It is only the abuse of the power of discretion which is reviewable on appeal and the presumption in favor of the correct action of the trial court is one of the strongest presumptions applicable to the consideration of a case on appeal.

The rule is that the determination of the trial court on the issue of alimony will be reversed only for an abuse of discretion apparent on the face of the record. *Grant* v. *Grant, supra.*

We find no such abuse of discretion by the trial court on the face of the record in this case and it is our opinion that the decision of the court is not contrary to law, and applying the test in *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669, we are of the opinion that the trial court's decision is not contrary to law.

Finding no error in the record, the judgment of the trial court is hereby affirmed.

Costs versus appellant.

Carson, Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 257 N. E. 2d 318.