ANAMARIA TERRY *v.* STEPHEN W. TERRY, JR.

[No. 472A169. Filed June 28, 1974. Rehearing denied August 12, 1974. Transfer denied November 27, 1974.]

*Charles W. Ardery, Jr., Payne, Ardery & Weiland,* of Indianapolis, for appellant.

*Alvin E. Meyer, Stewart, Irwin, Gilliom, Fuller & Meyer,* of Indianapolis, for appellee.

LYBROOK, J.—Defendant-appellant Anamaria Terry (Anamaria) appeals from a judgment granting a divorce to plaintiff-appellee Stephen W. Terry, Jr., (Stephen).

Five issues are presented for review:

(1) Whether this appeal should be dismissed due to Anamaria's failure to file a timely brief.

(2) Whether the trial court abused its discretion by awarding an inadequate amount of alimony to Anamaria.

(3) Whether the trial court abused its discretion in denying Anamaria's motion to reopen the evidence.

(4) Whether the awarding of a divorce to Stephen rather than to Anamaria was contrary to the evidence and contrary to law.

(5) Whether Anamaria was denied a fair trial because her attorneys did not request continuances or subpoena certain witnesses.

On December 17, 1964, Stephen filed his petition for a divorce in Marion Superior Court. After the cause was venued to Hancock Circuit Court on Anamaria's motion, she filed a cross-complaint on October 9, 1970. Trial was held on various dates between March 25, 1971 and July 2, 1971. At the time set for final argument, Anamaria's newly employed counsel moved to reopen the evidence. The motion was overruled. On July 21, 1971, the trial court entered judgment, awarding a divorce to Stephen upon his complaint, denying Anamaria's cross-complaint, and awarding custody of the child of the parties to Anamaria. Stephen was ordered to pay $100 per week for child support and $200 per month for 10 years

and one month to Anamaria, provided that she remain unmarried and retain custody of the child. The decree also awarded Anamaria alimony in the sum of $10,000 to be paid in two installments of $5,000 each in 1976 and 1981. The decree further included provisions for visitation of the child and provided that Stephen assume the child's medical expenses and the cost of her college education, together with other provisions for disposition of various items of both real and personal property.

## ISSUE I.

Appellee contends that this court should dismiss this appeal because it lacks jurisdiction since appellant's brief was not timely filed.

Appellee argues that appellant originally filed her brief on the last day, May 10, 1973, which brief was rejected by this court because it grossly failed to comply with Ind. Rules of Procedure, Appellate Rule 8.3. However, on the basis of various affidavits by appellant this court extended her additional time within which to file another brief.

In the process of obtaining this extension of time appellant made various affidavits charging that she could not properly prepare her brief because appellee had stolen the transcript and had beaten her up within the preceding three weeks. Appellee contends that appellant's affidavits were false and her accusations absurd. He points out that on May 7, 1973, this court had refused to grant any further extension of the May 10 deadline. Notice of this ruling was received by appellant on May 8, 1973, and with only two days to file her brief, the "lost" transcript suddenly reappeared. On May 9, one day before the brief was due, the transcript was back in the hands of her lawyer.

Although some of appellant's statements in this regard strain our credulity, this court nevertheless, in good faith, and on the basis of these statements granted the extension. We cannot at this time weigh the truth of the affidavits. The extension having been granted, we feel obligated to pro-

ceed to consider the questions raised in this appeal on their merits.

## ISSUE II.

Anamaria makes numerous contentions that the trial court grossly abused its discretion in fixing the amount of alimony awarded. She argues that an award of $5,000 in approximately five years and another $5,000 five years later, with no payment in between, is a gross abuse of discretion considering the assets of the parties, their income and earning capacities, including her ill health and incapability of earning money and other relevant factors. She argues that the property awarded her was of little net value and actually was a financial burden upon her. She further contends that the husband had earned a high income, for instance $48,000 admittedly in 1970 and more probably $58,000, and that his income from the practice of law, as a partner in a large metropolitan law firm, would continue to increase. Appellant further asserts that the assets of her husband were substantially greater than indicated by his testimony at trial and that his bank deposits revealed excess money which was previously contributed by her and that he had hidden assets held in the names of his parents. She further contends that the payments of $200 per month conditioned upon her custody of the minor child, cannot be considered in computing alimony, because of the conditions attached.

A landmark case, *Bahre* v. *Bahre* (1962), 133 Ind. App. 567, 181 N.E.2d 639, enumerates five factors to be considered by our courts in computing the amount of alimony to be awarded a wife. Although the *Bahre* case can be distinguished from the case at hand, since in *Bahre* the wife was awarded the divorce, the principles set forth therein are nevertheless applicable. In *Bahre* the court said:

"It is a well-settled rule that the question of the amount of alimony to be decreed in any case is a matter of judicial discretion within the province of the trial court. This court will not interfere with the exercise of that discretion unless it is apparent that the discretion has been abused. * * *

"There are no hard and binding rules, nor is there any single test, which may be followed for the guidance of the court in its award of the sum which the husband shall pay to his wife whom he has injured by reason of the wrongs and grievances of which she had complained and which she has sustained by the evidence upon trial. * * * However, in determining the amount of alimony in a particular case, our courts have stated that certain factors must be investigated and considered. They are (1) the existing property rights of the parties, * * * (2) the amount of property owned and held by the husband and the source from which it came, * * * (3) the financial condition and income of the parties and the ability of the husband to earn money, * * * (4) whether or not the wife by her industry and economy has contributed to the accumulation of the husband's property, * * * (5) the separate estate of the wife, * * * ." [Citations omitted.]

The five factors in *Bahre, supra,* have been repeated many times in recent Indiana decisions. For example, see *Plese* v. *Plese* (1970), 146 Ind. App. 545, 257 N.E.2d 318; *Northup* v. *Northup* (1972), 154 Ind. App. 469, 290 N.E.2d 501; *Miller* v. *Miller* (1970), 146 Ind. App. 455, 256 N.E.2d 589; and *Weiss* v. *Weiss* (1974), 159 Ind. App. 231, 306 N.E.2d 120.

Other recent decisions have supplemented the body of law upon this subject. In *Dunbar* v. *Dunbar* (1969), 145 Ind. App. 479, 251 N.E.2d 468, it was held:

"The trial court has a duty to determine the property rights of the parties and its determination will not be disturbed on appeal in the absence of an abuse of discretion. This court is required to consider the evidence most favorable to the appellee Dunbar and all reasonable inferences in his favor." See also, *Chaleff* v. *Chaleff* (1969), 144 Ind. App. 438, 246 N.E.2d 768.

It is generally conceded that the weight of the evidence and the credibility of the witnesses is for the trial judge to determine. *Caden* v. *Caden* (1972), 152 Ind. App. 451, 283 N.E.2d 804; *Woodcox* v. *Woodcox* (1964), 136 Ind. App. 275, 200 N.E.2d 231.

Even if the circumstances would have justified a different conclusion than that reached by the trial court, this court

is not warranted in substituting its judgment for that of the trial court. *Buckner* v. *Buckner* (1958), 128 Ind. App. 654, 152 N.E.2d 97; *Boshonig* v. *Boshonig* (1971), 148 Ind. App. 496, 267 N.E.2d 555.

Equally well settled is the proposition that the trial court's determination of alimony will not be disturbed on appeal unless there has been an abuse of discretion. *Smith* v. *Smith* (1960), 131 Ind. App. 38, 169 N.E.2d 130. In *Miller* v. *Miller, supra,* this court, quoting Judge Cooper in *Grant* v. *Grant* (1967), 141 Ind. App. 521, 230 N.E. 2d 339, phrased it:

". . . *Therefore, the exercise of a trial court's discretion is not reviewable on appeal. It is only the abuse of the power of discretion which is reviewable on appeal and the presumption in favor of the correct action of the trial court is one of the strongest presumptions applicable to the consideration of a case on appeal.*" See also, *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N.E.2d 612.

The case at bar is typical in that conflicting evidence at trial has given rise to contradictory arguments based upon this evidence. Appellee emphasizes that in addition to the child support of $100 per week and the $200 per month payable to the wife for ten years and one month, the wife received other assets which far exceeded the value of the property retained by the husband. In his brief, appellee presents the following break-down:

| "ASSETS GIVEN HUSBAND | VALUE |
|---|---|
| 1971 Maverick Auto Fully Financed | None |
| Husband's Cash on Hand | $531.84 |
| Net Value of Hancock Life Policy (cash value less loan) | 628.40 |
| Law Partnership Capital Acct. | 2,922.00 |
| Husband's % of Undistributed Law Billings | 3,700.00 |
| Husband's Savings Accounts | 643.02 |
| Husband's Apartment Furnishings | Negligible |
| Husband's Momentos | Negligible |

| | |
|---|---:|
| 100 Books not yet received | 50.00 |
| TOTAL ASSETS | $8,475.26" |

| "MEASURABLE ASSETS GIVEN WIFE | VALUE |
|---|---:|
| Husband's 1966 Comet Auto | $ 400.00 |
| Contract Value of 3228 Washington Boulevard (contract balance less mortgage) (R. 279) | 5,250.00 |
| Husband's Books less 100 books yet to be delivered to Husband | 1,950.00 to 3,900.00 |
| Furnishings and Paintings at 4321 Washington Boulevard less four paintings to be selected by Husband (R. 288) | 10,000.00 to 15,000.00 |
| Cash from Husband on 1/1/76 | 5,000.00 |
| Cash from Husband on 1/1/81 | 5,000.00 |
| MINIMUM TOTAL | $27,600.00" |

In addition to the above, appellee contends that his wife, after separation, purchased a residence at 4321 Washington Boulevard in Indianapolis, paying $7,500 down which she apparently obtained from some source or other. The court awarded her the equity in this property in addition to the former residence of the parties located at 3228 Washington Boulevard. Appellee reminds us that she has also been awarded almost all of the household furnishings of the parties.

Appellee further points out that he has not received some of the property which the court awarded him and argues that after payment of Anamaria's attorney's fees, and before payment of his own attorney's fees, he is left "in the red" $5,395. In short, appellee maintains that there should be no increase in the alimony judgment since the court has already awarded the wife far more money and property than the parties possessed.

Persuasive arguments are advanced in behalf of each party

in this case, but we are inclined to the belief that there is ample evidence in the record to sustain the decree of the trial judge.

Most of appellant's numerous contentions are argumentative and accusatory and not substantiated by other evidence. For instance, neither the husband's tax returns, which were in evidence nor a financial statement which was before the court, support the wife's contentions, the latter showing a net worth of only $6,475.26. The tax returns also showed deductible losses from Anamaria's business activities, rather than the income which she claimed.

Whether the award of cash payments of $200 per month for a period of ten years and one month may be categorized as (1) an augmentation of support or (2) alimony payable upon certain conditions, it is undeniable that the sum total of these payments had a potential value of $24,200.

In *Shula* v. *Shula, supra,* the court in defining alimony stated:

> " * * * Alimony is awarded in Indiana for the purpose of making a present and complete settlement of the property rights of the parties. It does not include future support for the wife, nor is it intended as a medium for providing financial compensation for injured sensitivities during marriage. *The primary factor in fixing the alimony is the existing property of the parties.*" (Emphasis added.)

Our review of recent cases leads us to the conclusion that the varying results obtained in each cause are due, not to a division of legal authority, but to the varying circumstances of each marital problem. It has been held that the court may transfer property as between the parties, whether it be real, personal or mixed and whether the title at the time of trial is held by parties jointly or by one of them individually. *Grant, supra; Draime* v. *Draime* (1961), 132 Ind. App. 99, 173 N.E.2d 70. In *Proctor* v. *Proctor* (1955), 125 Ind. App. 692, 125 N.E.2d 443, the trial court was affirmed in a case where the husband was granted the

divorce, custody of the children, and all of the property of the parties, real and personal, including all of the equity of the parties in a home owned as tenants by the entireties, the court further finding that the wife was entitled to neither alimony nor any part of the property. See also, *Stigall* v. *Stigall* (1972), 151 Ind. App. 26, 277 N.E.2d 802 and *Plese, supra.* In *Smith, supra,* the court held:

"The economic situation of appellant and her ability or inability to support herself thereafter was not a proper ground for the trial court to base a determination to allow or not allow alimony, since alimony is not considered in the nature of support in the future for a wife."

IC 1971, 31-1-12-17 (Burns Code Ed.) provided that:

". . . In determining the method of the payment of the alimony the court may require that it be paid in gross or in periodic payments, either equal or unequal, and if to be paid in periodic payments the court may further provide for their discontinuance or reduction upon the death or re-marriage of the wife, . . ."

In *Marsico* v. *Marsico* (1972), 154 Ind. App. 436, 290 N.E.2d 99, this court upheld a condition attached to the payment of alimony which provided that no alimony should be due and payable unless the mother allowed the father to have custody of the minor child for a two week visitation period provided for in the decree.

In the numerous decisions following the *Bahre* case the courts seem inclined to the position that all five factors mentioned therein are to be considered, rather than singling out any one of them to the exclusion of the others. As Chief Judge Hoffman said in *Northup* v. *Northup, supra*:

"Even if the net worth of the appellant [husband] had been conclusively established, it would not become the sole criterion upon which to base a division of the property between the parties."

Appellant's many contentions seem to urge us to lay aside the rule that we cannot weigh evidence but must consider only the evidence most favorable to the appellee. See *Pokraka*

v. *Lummus Co.* (1952), 230 Ind. 523, 104 N.E.2d 669. Although not couched in this exact language, her arguments amount to an invitation to reweigh the evidence in the fervent hope that we would reach a different result and hold that the trial court abused its discretiton. This we cannot do. We find nothing on the face of the record which requires us to hold that the trial judge abused his discretion in granting alimony and dividing the property of the parties.

## ISSUE III.

Under this issue, appellant contends that the trial court abused its discretion by (1) overruling her motion to reopen the evidence, and (2) overruling her motion for new trial.

As appellant's trial counsel was presenting his final argument, appellant's newly employed attorney, her ninth in this matter, interrupted the proceedings by presenting an oral motion to reopen the case for the purpose of hearing additional evidence. The offered evidence pertained to an alleged beating received by appellant from appellee on May 17, 1971. The trial court overruled appellant's motion and informed her that she could raise the question in some other manner at a later time, but presently, the court was going to hear the final arguments as scheduled. Appellee responds by pointing out that appellant testified in open court on May 18, 1971, the day following the alleged beating. She not only neglected to mention the alleged beating but also testified that her most recent meeting with appellee was in his office on the preceding Friday, May 14, 1971.

While a trial court has the power, upon a proper showing, to reopen a cause for presentation of additional evidence, such action is within the sound discretion of the court, and unless there is a clear abuse of discretion, this court will not disturb such action. *Bope* v. *Ballinger* (1937), 103 Ind. App. 329, 7 N.E.2d 638; *Dickerson* v. *Dickerson* (1937), 104 Ind. App. 686, 10 N.E.2d 424. We find no abuse of discretion in overruling said oral motion.

In her Motion to Correct Errors, appellant abandoned the above argument concerning the alleged beating and instead requested a new trial because of other newly discovered evidence. She claimed that after the trial, appellee had deposited large sums of money into his bank account and that he had testified falsely about his financial condition. Appellant contends that this "newly discovered evidence would materially affect the amount of alimony award made herein."

Motions for a new trial on grounds of newly discovered evidence are looked upon with distrust and disfavor by Indiana courts. *Beyer* v. *State* (1972), 258 Ind. 227, 280 N.E.2d 604. To be granted a new trial for newly discovered evidence,

". . . *it is required to be shown that the newly discovered evidence is material rather than cumulative; that the newly discovered evidence was not available at the time of the trial; and that the newly discovered evidence was not known to the appellant at the time of the trial and which he could not with reasonable diligence have discovered.*" *Trivett* v. *Trivett* (1968), 143 Ind. App. 643, 646, 242 N.E.2d 44.

Further, to justify a new trial, "the newly discovered evidence must be such as to raise a strong presumption that, in all probability, it will bring about an opposite result at another trial." *Beyer* v. *State, supra.*

In this regard, the newly discovered evidence must be judged with respect to the evidence adduced at trial. Accordingly, the granting of a new trial on the grounds of newly discovered evidence is within the sound discretion of the trial court, the exercise of which will not be disturbed on appeal except for a clear showing of an abuse of discretion.

Appellant presented no evidence at the hearing on the Motion to Correct Errors. Neither has she set forth in any affidavit or memorandum or even in her brief, the precise nature of this evidence. She simply accuses the appellee of falsely stating his financial position without specifying in what manner his testimony was false. In like manner, she

charges that the appellee deposited large sums of money in the bank following the trial. However, we are not advised of the amounts of these alleged deposits or given any other enlightening information concerning them.

Appellant's failure to support her allegations with specific details left the trial court without a sufficient basis to support the granting of her motion.

In light of the foregoing, it is our opinion that appellant has failed to demonstrate an abuse of discretion by the trial court in this regard. We find no error under appellant's third issue.

## ISSUE IV.

Appellant next argues that the decision of the trial court granting a divorce to Stephen was contrary to the weight of the evidence and contrary to law and that the decision of the trial court denying her a divorce upon her cross-complaint was contrary to law.

The decision of the trial court denying Anamaria a divorce may only be attacked as being contrary to law. *Dyer Construction Co., Inc.* v. *Ellas Const. Co., Inc.* (1972), 153 Ind. App. 304, 287 N.E.2d 262. In that case the court quoting from *Senst* v. *Bradley* (1971), 150 Ind. App. 113, 275 N.E.2d 573, stated:

> "It is only where the evidence is without conflict and leads to only one conclusion and the Trial Court reached a contrary conclusion that the decision will be disturbed as contrary to law i.e., that is where it affirmatively appears that reasonable men could not have arrived at the same judgment or conclusion. See Edwards v. Wyllie, 246 Ind. 261, 203 N.E.2d 200 (1965)." See also, *Plese* v. *Plese, supra; Stigall* v. *Stigall, supra; Boshonig* v. *Boshonig, supra; Pokraka* v. *Lummus Co., supra.*

Bearing in mind that we cannot weigh the evidence and will only view the evidence most favorable to the appellee, we conclude that the decision of the trial court is sufficiently supported by the evidence and is not contrary to law. The

appellee testified *inter alia* that prior to the separation, appellant engaged in a course of conduct which had a serious effect on his ability to function effectively as a lawyer. These acts included removal of food from the refrigerator, padlocking the pantry, removal of his bed leaving merely a mattress on the floor, preventing him from resting, failure to cook meals regularly, keeping the house in a cluttered state, making it necessary for the husband either to do the house cleaning himself or cancel invitations to guests. Appellee further charged that his wife would go out of town almost two times a month without telling him where she was going and would stay away two or three days at a time, leaving the husband with the care of their daughter who was less than two years old.

Considering the evidence in the light most favorable to the appellee, we cannot say that the trial court reached a decision which is contrary to law.

## ISSUE V.

In her final assignment of error, appellant claims she was denied a fair trial because her attorney failed to request a continuance, and failed to subpoena certain witnesses. We find these contentions to be meritless.

Appellant claims she was ill during the trial and that her attorney did not request a continuance, nor did the trial judge grant one *sua sponte*. She therefore alleges that she was denied a fair trial. We cannot agree.

It cannot be doubted that under proper circumstances, the illness of a party litigant is sufficient grounds for a continuance. However, the decision to request a continuance on those grounds is a tactical matter to be resolved by a party with guidance and advice from his attorney. Where, as is the case here, a party decides not to request a continuance for illness during the course of trial, he cannot later, with the benefit of hindsight, successfully assign such failure as reversible error.

Further, while a trial judge may *sua sponte* grant a continuance because of a party's illness, such action is within the sound discretion of the judge, and will not be disturbed on appeal absent a clear showing of abuse of discretion. The trial judge is in a position to best view the parties, appraise their difficulties, if any, and to act accordingly. In reviewing such actions, this court will not engage in speculation or supposition. Where, as is the case here, appellant fails to show an abuse of discretion, we will find no error.

Appellant finally contends that her attorney failed to subpoena certain witnesses, and that she was therefore denied a fair trial. Again, appellant, with the benefit of hindsight, seeks relief from a tactical decision. Once again, relief is denied.

Finding no error in the trial proceedings, the judgment is affirmed.

Hoffman, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 313 N.E.2d 83.