ROBERT LEWIS HIBBARD *v.* WILMA KAREN HIBBARD.

[No. 1-473A73. Filed September 10, 1974. Rehearing denied October 22, 1974.]

*Sherwood Blue,* of Indianapolis, *Roger L. Miller,* of Frankfort, *Peter L. O'Bremsky,* of Lebanon, for appellant.

*Frank E. Spencer,* of Indianapolis, for appellee.

LOWDERMILK, J.—This is an appeal from a final judgment rendered by amended decree on January 22, 1973, in a divorce action commenced by plaintiff-appellant, (husband) and contested by defendant-appellee's (wife) answer and cross complaint, wherein both parties sought a divorce, custody of their minor children, and an equitable division of their marital property.

The wife was granted a divorce on her cross complaint; awarded custody of the minor children of the parties, and was given judgment for certain personal property and alimony in the sum of $18,300. The husband was awarded certain real and personal property and ordered to pay support for the children, certain debts, and the wife's attorney fees in the amount of $2,500.

The first issue raised was as follows: The divorce should have been granted to the plaintiff husband and not to the defendant wife.

The husband contends that there was insufficient evidence to support the granting of the divorce to the wife and that denying the divorce to the husband was contrary to the evidence and contrary to law. An examination of the record discloses that there was a great deal of evidence presented to the trial court in support of both the complaint and the cross complaint for divorce. This evidence is not only voluminous, but is conflicting in nature. An examination of the evidence most favorable to the decision of the trial court discloses that the husband had committed certain marital abuses, including verbal abuse of the wife, striking the children with a belt, holding out the wife to ridicule to others, initiating arguments, and certain physical abuse. There were also charges of adulterous conduct by the husband, with conflicting evidence adduced at trial as to whether the wife condoned those actions.

It is our opinion that although the evidence is conflicting, there is sufficient evidence to support the decision of the trial court to award a divorce to the wife on her cross complaint and deny a divorce to the husband. This court stated in the case of *In Re Estate of Barnett* (1974), 159 Ind. App. 491, 307 N.E.2d 490, 495, as follows:

> "When reviewing the sufficiency of the evidence in a civil case, this Court will not weigh the evidence nor resolve questions of credibility of witnesses. We will look only to that evidence and the reasonable inferences therefrom which support the judgment of the trial court. . . ."

The second issue raised by appellant is that the care and custody of the two minor children of the parties should have been awarded to the husband and not to the wife. The husband contends that there was insufficient evidence to support the awarding of the children to the wife, that said award was

contrary to the evidence, and that the failure to award the children to the father was contrary to law.

The evidence at trial relating to the welfare of the children was voluminous on that point and quite conflicting. There was evidence presented which tended to show that the wife was not a good mother to the children, that the wife failed to cook properly for the children, and that the wife failed to attend to the needs of the children in relation to cleanliness and personal hygiene. However, the record discloses evidence which tends to show that the wife was a good mother to the children, cared for them properly, and could provide the children with a good home and give them proper personal attention.

Judge Buchanan of this court, in *Shaw* v. *Shaw* (1973), 159 Ind. App. 33, 304 N.E.2d 536, 539, in discussing the awarding of custody determined that the award may be reviewed for an abuse of discretion of the court in making the award and quoted from *Gilchrist* v. *Gilchrist* (1947), 225 Ind. 367, 372, 75 N.E.2d 417, 419, as follows:

" 'The disposition of children is not controlled by hard and fast rules of law but by the exercise of the sound judicial discretion of the court confronted with the problem. *Review by an appellate court of such disposition is limited to the question of abuse of judicial discretion.*' (Emphasis supplied.) *Gilchrist* v. *Gilchrist* (1947), 225 Ind. 367, 372, 75 N.E.2d 417, 419."

It is our opinion from the evidence presented to us that the conclusion and judgment of the trial court was not clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom and, therefore, there was no abuse of discretion.

The third issue in this appeal is whether the trial court abused its discretion when it granted the wife an alimony judgment in the amount of $18,300. The husband contends that the property owned by the parties at the time of the dissolution of the marriage was, in fact, of negative value

and that the evidence does not support the award of alimony as given by the court.

The evidence relating to the amount of property owned by the parties or in which they had interest is typical of divorce cases in that it is conflicting and that contradictory arguments could be made based on such evidence and the inferences to be drawn therefrom.

The assets awarded to the parties by the trial court could be broken down generally as follows:

### Assets Given Husband:

| | |
|---|---:|
| Real Estate | $20,000 |
| Hibbard Construction stock | 2,500 |
| Pierce Governor Co. stock | 350 |
| Antiques and Guns | 1,100 |
| One-half tax refund check | 600 |
| | $24,550 |

### Assets Given Wife:

| | |
|---|---:|
| Household goods | $ 2,000 |
| Automobile | 750 |
| One-half tax refund check | 600 |
| Alimony judgment | 18,300 |
| | $21,650 |

Additionally, the husband was ordered to pay the debts of the marriage, including a bank note in the amount of $4,600 which was obtained to pay taxes. The husband was also required to pay certain furniture and merchant debts totalling $2,147. The evidence discloses that the real estate which was awarded to the husband was used not only for a residence but as a home base for the Hibbard Construction Company of which the husband was president. A mortgage on the home in the amount of $12,000 was ordered paid by the husband. During the marriage certain improvements were made upon the real estate and the home situated thereon, primarily for the benefit of the family owned business and an improvement debt in the amount of $14,000 was outstanding to the Hibbard Construction Company.

At one time the wife was an officer of the company and spent many weeks in the employ of the company without compensation. The evidence discloses that during much of this time the wife was working 40 to 50 hours a week without any pay. The husband owned 38% of the stock in the company, with the remaining shares being owned by his father and brother. The husband's salary was $275.00 per week and he was authorized to draw expense money every week at his discretion.

The evidence relating to the financial position of the company was given by the accountant for the husband and there was no evidence of any recent audit being made on the books. Apparently the company alternated profit and loss years by making a profit one year and sustaining certain losses in other years. The evidence discloses that during the year prior to the dissolution of the marriage the company did over $900,000 gross business. There is conflicting testimony on the actual worth of the company, with the accountant being of the opinion that the company was close to bankruptcy. It is interesting to note, however, that while the gross receipts of the company were over $900,000, the husband's accountant testified that the husband's share of the stock was only worth $2,500.

It is fundamental that this court cannot and will not weigh the conflicting evidence but will look only to the evidence most favorable to the appellee and all reasonable inferences to be drawn therefrom. The credibility of witnesses is a matter for the trial judge to determine and this court cannot substitute its judgment for that of the trial court. *Terry* v. *Terry* (1974), 160 Ind. App. 653, 313 N.E.2d 83. In *Terry, supra,* Judge Lybrook of this court set out the various tests to be used on appeal in relation to alimony judgments and property settlements. The fundamental consideration on appeal is that the matter of alimony is within the sound discretion of the trial court. In *Terry, supra,* 313 N.E.2d at page 87, the test to be used was stated as follows:

"Equally well settled is the proposition that the trial court's determination of alimony will not be disturbed on appeal unless there has been an abuse of discretion. *Smith* v. *Smith* (1960), 131 Ind. App. 38, 169 N.E.2d 130. In *Miller* v. *Miller, supra,* this court quoting Judge Cooper in *Grant* v. *Grant* (1967), 141 Ind. App. 521, 230 N.E.2d 339, phrased it:

'. . . *Therefore the exercise of a trial court's discretion is not reviewable on appeal. It is only the abuse of the power of discretion which is reviewable on appeal and the presumption in favor of the correct action of the trial court is one of the strongest presumptions applicable to the consideration of a case on appeal.'* See also, *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N.E.2d 612." (Original emphasis.)

There are many factors to be considered in making a determination of the amount of alimony, with the major considerations being discussed in *Terry, supra,* 313 N.E.2d at page 87, as follows:

" '. . . However, in determining the amount of alimony in a particular case, our courts have stated that certain factors must be investigated and considered. They are (1) the **existing property rights** of the parties, * * * (2) the amount of property owned and held by the husband and the source from which it came, * * * (3) the financial condition and income of the parties and the ability of the husband to earn money, * * * (4) whether or not the wife by her industry and economy has contributed to the accumulation of the husband's property, * * * (5) the separate estate of the wife, * * *.' [Citations omitted.]" (Quoting from *Bahre* v. *Bahre* [1962], 133 Ind. App. 567, 181 N.E.2d 639.)

In *Terry, supra,* Judge Lybrook noted that although the cases may appear to set up differing standards, with varying results, these differences are due to the specific factual nature of each case, depending on varying circumstances of the marital problems rather than to a difference of legal authority.

Although the trial court did not specifically state the factual basis for the alimony judgment, there are reasonable inferences from the evidence to support the alimony awarded, based on certain factors, including the ability of the husband

to earn money and the wife's contribution to the accumulation of the husband's property by her industry.

In the case of *Weiss* v. *Weiss* (1974), 159 Ind. App. 231, 306 N.E.2d 120, 125, Judge Buchanan of this court held as follows:

> "To be an abuse of discretion, the judgment complained of must be one which is 'clearly against the logic and effect of the facts and circumstances before the court.' *McFarlan* v. *Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 14, 12 N.E.2d 752, 754. See also: *Shaw* v. *Shaw* 159 Ind. App. 33 (1973), 304 N.E.2d 536."

An examination of the evidence in the case at bar most favorable to the wife leads us to the inescapable conclusion that the trial court's award of alimony had a sound legal basis and was supported by logic and reason. It is our opinion that the record clearly supports the judgment of the trial court and the trial court did not abuse its discretion in dividing the property of the parties or in granting the alimony award.

The fourth issue raised in this appeal is that the wife was not entitled to an allowance for attorney fees. The husband contends that the award of attorney fees to the wife in the amount of $2,500 was not supported by sufficient evidence, was not supported by any evidence, and was thus contrary to law.

The record discloses that after both parties had rested, in open court, attorneys for both parties stated to the trial court that an agreement had been reached by the parties and that the question of the awarding of attorney fees would be left to the sole discretion of the trial court. The record discloses by special bill of exceptions that the trial court exercised its discretion in fixing the attorney fees for the wife's counsel by considering per diem, the amount of money and proprety involved in the divorce, and the time counsel spent in court during the proceedings.

The husband now contends that this agreement to allow the trial court to decide the matter of attorney fees is not a

waiver of this issue and further contends that the trial court's award can be challenged as being excessive. However, the husband has not shown this court any basis for holding the award of attorney fees to be excessive.

In *Northup* v. *Northup* (1972), 154 Ind. App. 469, 290 N.E.2d 501, 504, Chief Judge Hoffman had this to say in answer to appellant's contention that there was no evidence to support the award of additional attorney fees:

> ". . : While we can find no evidence in the record before us in support of such award, the law is well settled that in a divorce action the trial court may take judicial notice of what a reasonable attorney's fee would be. The award of the trial court as to attorneys' fees will be disturbed on appeal only where a clear abuse of discretion is shown. *McDaniel* v. *McDaniel* (1964), 245 Ind. 551, 562, 201 N.E.2d 215; *Dunn* v. *Deitschel* (1930), 204 Ind. 269, 169 N.E. 529; *Hardiman* v. *Hardiman* (1972), [152] Ind. App. [675], 284 N.E.2d 820; *Mathews* v. *Mathews* (1972), [151] Ind. App. [70], 278 N.E.2d 325; *Stigall* v. *Stigall* (1972), [151] Ind. App. [26], 277 N.E.2d 802."

We find no abuse of discretion in the trial court's award of the attorney fees of $2,500.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 315 N.E.2d 731.